■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY RANEY, Appellant.—Casey, J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered June 12, 1986, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

On March 3, 1986 defendant pleaded guilty to burglary in the third degree in full satisfaction of an indictment which

charged him with that crime and with grand larceny in the third degree and criminal possession of stolen property in the second degree. Although at the time of the plea the District Attorney agreed to recommend a sentence of one year in the Sullivan County Jail, it was discovered before defendant's sentencing that he was a second felony offender. County Court advised defendant that the minimum sentence which could be imposed was 2 to 4 years and gave him the option of withdrawing his plea. Defendant declined and, through his attorney, expressed his desire to be sentenced on that day if the court would impose a sentence of 2 to 4 years. The court did so.

On this appeal, defendant contends that County Court erred since he did not admit his prior alleged felony convictions and was not advised of his right to contest those prior convictions pursuant to CPL 400.21. At the time of sentencing, defendant was represented by counsel and a second felony offender statement was filed. Defense counsel agreed that defendant had previously been convicted and raised no objection. Defendant knew that he was to be sentenced as a second felony offender and what the sentence was to be. He was offered the opportunity of withdrawing his plea if he desired and specifically refused the offer. In these circumstances, the statutory procedures of CPL 400.21 were sufficiently complied with (see, *People v Provost,* 76 AD2d 944; *People v Linderberry,* 55 AD2d 992; *People v Parker,* 55 AD2d 989). The judgment of conviction should therefore be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Main, Casey and Mikoll, JJ., concur.