■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD CONYERS, Appellant. [642 NYS2d 450] —Crew III, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered December 23, 1994, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

In December 1993, defendant was the subject of a six-count indictment, charging him with three counts of assault in the second degree and one count each of the crimes of resisting arrest and criminal possession of a controlled substance in the third and fourth degrees. Thereafter, defendant pleaded guilty to a single count of criminal possession of a controlled substance in the fifth degree and waived his right to appeal. Prior to sentencing, defendant made a motion to withdraw his guilty plea, which County Court denied and defendant was sentenced to the previously agreed-upon term of imprisonment of 3 to 6 years. Defendant appeals on the ground that his guilty plea was involuntary.

Defendant argues in essence that the ineffective assistance of counsel rendered by the Public Defenders assigned to his case compelled him to plead guilty, thereby rendering his plea involuntary. It should be noted that while defendant's waiver of the right to appeal does not preclude judicial review of the voluntariness of his guilty plea (*see, People v Seaberg*, 74 NY2d 1, 10; *People v Marziale*, 182 AD2d 1035, 1036, *lv denied* 80 NY2d 835), it does preclude review of his claimed denial of his right to the effective assistance of counsel except insofar as the alleged ineffective assistance impacted on the voluntary nature of his plea (*see, People v Wood*, 207 AD2d 1001; *People v Hayes*, 194 AD2d 998). To the extent that this issue has been preserved for our review, there is nothing in the record to support defendant's claim that his plea was rendered involuntary by defense counsel's conduct.

To the contrary, the record discloses that defendant made it

impossible for the Assistant Public Defender to prepare a defense by reason of defendant's refusal to communicate with him. When County Court substituted the Public Defender as defense counsel, defendant expressed dissatisfaction with her services as well, electing to plead guilty after a trial date had been set and voir dire was under way. There is no indication that either of the attorneys assigned to defendant's case would have been other than competent and effective had the case gone to trial. Indeed, the record reflects that the Assistant Public Defender was instrumental in procuring a favorable plea bargain on defendant's behalf (see, People v Reid, 224 AD2d 728). It is apparent that defendant's perceived difficulties in preparing a defense were not caused by shortcomings on the part of defense counsel but were instead self-imposed. We conclude that defendant's plea was voluntary and that County Court correctly exercised its discretion by denying defendant's motion to withdraw his guilty plea.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.