■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GAIL HANNA, Appellant. [654 NYS2d 424] —White, J. Appeal from a judgment of the County Court of Warren County (Moynihan, Jr., J.), rendered November 1, 1995, convicting defendant upon her plea of guilty of the crime of murder in the second degree.

Defendant had resided for a number of years with her live-in companion, Richard Rubel, in the Town of Lake Luzerne, Warren County, and over time had been depleting Rubel's considerable estate without his knowledge. On May 11, 1995, fearing a discovery of her defalcations at an impending meeting between Rubel and his accountant, defendant killed Rubel by shooting him in the back. She then wrapped the body in a shower curtain and later hid the corpse in a large freezer. On May 12, 1995 defendant called her friends James Mackie and Donna Mackie indicating that she would like to visit them, and on the following day she traveled to the Mackies' residence in New Hampshire. On May 14, 1995 defendant spontaneously confessed the shooting to the Mackies, who then accompanied defendant to the police barracks in Epping, New Hampshire, where they arrived at approximately 11:30 P.M. After Donna Mackie advised the police of defendant's story, the New Hampshire police contacted the New York State Police who investigated and, at approximately 2:00 A.M. on May 15, 1995, advised the New Hampshire officers that they had found Rubel's body in a large freezer in the garage of defendant's home. Upon receiving this information, the New Hampshire police read defendant her *Miranda* warnings, which she waived, and defendant then confessed to the shooting. During the early morning of May 15, 1995, New York State Police investigators arrived at the New Hampshire barracks where defendant was *Mirandized* by the New York officers, interrogated and again confessed to the killing of Rubel.

Defendant was indicted on one count of murder in the second degree and one count of criminal possession of a weapon in the second degree. She pleaded not guilty and moved to suppress the statements she had made to the New Hampshire and New York police, as well as certain physical evidence seized from her residence. After a suppression hearing County Court denied defendant's motions, finding that her confessions were knowingly and voluntarily made, that she had waived her right to counsel and that the warrantless search of defendant's residence was justified under the emergency exception to the warrant requirement. Defendant subsequently accepted a plea bargain which included a waiver of her right to appeal and was sentenced to a term of imprisonment of 20 years to life.

The threshold issue is the validity of defendant's plea bargain and waiver of her right to appeal. It is clear that a defendant may waive the right to appeal where said waiver was made knowingly, voluntarily and intelligently and was not a product of fraud, duress or coercion or against public policy (*see, People*

v Silkovic, 216 AD2d 498, 499; *People v Cole*, 165 AD2d 737, *lv denied* 76 NY2d 1020). To determine whether defendant's waiver was effective, we must examine the facts and circumstances surrounding such waiver (*see, People v Moissett*, 76 NY2d 909; *People v Seaberg*, 74 NY2d 1; *People v Beaner*, 219 AD2d 827, *lv denied* 87 NY2d 898).

A review of the record indicates that at the time of her plea, defendant was 47 years old and, although she was receiving psychiatric care, she was examined prior to the plea by three psychiatrists who all stated that her psychiatric problems did not effect her ability to understand and participate in the proceedings. Defendant was not on drugs or medication at the time of her plea, she had discussed the case with her attorney in great detail and was advised with considerable thoroughness by County Court of the rights she was giving up, including the waiver of her right to appeal. It is notable that prior to accepting the plea bargain, defendant had rejected a proffered bargain of 23 years to life and at the time of her plea defendant presented a lengthy written statement which was read into the record by her attorney in which she stated, *inter alia*, that she was making this plea to benefit her family and friends, that she had never denied the charges, that a trial would only prolong the difficulty for both her family and the family of Rubel, and that she would pay for her mistake by going to prison. We also note that she explicitly waived her right to have the Appellate Division of Supreme Court located in Albany review the case.

Based on the record before us we find that defendant knowingly, voluntarily and intelligently entered into the aforementioned plea bargain and thus waived her right to appeal. Further, were we to reach this issue, we would hold that the sentence imposed by County Court was not harsh or excessive (*see, People v Martinez*, 216 AD2d 587, 588).

Cardona, P. J., Crew III, Casey and Carpinello, JJ., concur. Ordered that the judgment is affirmed.