(May 22, 1997)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM J. BROWN, Appellant. [657 NYS2d 518] —Spain, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered November 23, 1992, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

In satisfaction of an indictment charging him with criminal sale of a controlled substance in the second degree and criminal possession of a weapon in the third degree, defendant pleaded guilty to the crime of criminal sale of a controlled substance in the third degree. He was sentenced to a prison term of 7 to 21 years to run consecutive to a sentence which had been imposed by the Federal District Court for the Northern District of New York on another conviction. Defendant appeals, contending that his guilty plea was not knowing, intelligent or voluntary and that the sentence imposed is harsh and excessive.

Initially, we reject defendant's claim that his guilty plea was coerced. Our review of the transcript of the plea allocution discloses that County Court explained to defendant the ramifications of pleading guilty, including those rights he would be waiving by entering such a plea. Defendant responded that he fully understood the court's admonitions. Defendant further indicated that he had not been coerced or threatened into pleading guilty, that he was not under the influence of

alcohol or drugs and that he was entering a plea of guilty freely and voluntarily. In view of this, we find that County Court entered into a meaningful colloquy with defendant and that defendant's plea was not coerced even if he was persuaded to plead guilty because he would have faced a harsher sentence had he been convicted after trial (*see, People v Thompson*, 234 AD2d 709, 710; *People v Berezansky*, 229 AD2d 768, 769-770, *lv denied* 89 NY2d 919).

Likewise, we do not find that the sentence imposed is either harsh or excessive. County Court agreed to impose a sentence of 7 to 21 years at the time of the plea, but made no promises that it would run concurrent to the Federal court sentence. The sentence is within statutory parameters and is appropriate given the severity of the crime and defendant's criminal history. Therefore, we decline to disturb it (*see, People v Valdez-Rodriques*, 235 AD2d 627, 630-631; *People v Etheridge*, 233 AD2d 626, *lv denied* 89 NY2d 921; *People v Valentin*, 233 AD2d 623, *lv denied* 89 NY2d 931).

Mikoll, J. P., Crew III, Casey and Carpinello, JJ., concur. Ordered that the judgment is affirmed.