■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAMALE HARRIS, Also Known as BAGS, Appellant. [661 NYS2d 315] —Mercure, J. Appeal from a judgment of the County Court of Schenectady County (Scarano, Jr., J.), rendered October 6, 1995, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.

Defendant entered a counseled plea of guilty to a single count of robbery in the first degree in full satisfaction of two multi-count indictments as part of a plea bargain that also provided for a negotiated sentence of a 5 to 15-year prison term and a waiver of defendant's right to appeal. Defendant now appeals and we affirm.

Initially, we note that defendant's waiver of his right to appeal does not preclude his challenge to the competency of his legal representation (*see, People v Hartford*, 217 AD2d 798, 799). Nonetheless, we find nothing in the record to persuade us that defendant was afforded anything other than meaningful representation (*see, People v Baldi*, 54 NY2d 137, 147), especially in view of the very favorable plea bargain negotiated by his attorney (*see, People v Chevalier*, 226 AD2d 925, 928-929, *lv denied* 88 NY2d 934).

As to the issue of the waiver of appeal, it is settled that such waiver will be enforced where the facts and circumstances of the case adequately demonstrate that the waiver was made knowingly, voluntarily and intelligently and did not result from fraud, duress or coercion (*see, People v Hanna*, 236 AD2d 742, 744, *lv denied* 89 NY2d 1094). Here, as part of the negotiated plea agreement, defendant signed a written waiver of appeal which outlined the rights he was waiving and verified that, after discussing the matter with his attorney, defendant chose to enter into the waiver "voluntarily, knowingly, and without coercion". Moreover, County Court explained the significance of the waiver of appeal during the plea allocution and defendant acknowledged his understanding. Under these circumstances, we find that defendant, who was represented by counsel during all proceedings, effectively waived his right to appeal (*see, People v Moissett*, 76 NY2d 909, 911-912; *People v Seaberg*, 74 NY2d 1, 11-12) and that the waiver must be enforced (*see, People v Raquel*, 238 AD2d 766; *People v Sledge*, 195 AD2d 713, *lv denied* 82 NY2d 903).

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.