(December 31, 1997)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALONZO G. ELLETT, Appellant. [667 NYS2d 137] —Spain, J. Ap-

peals (1) from a judgment of the County Court of Chenango County (Dowd, J.), rendered May 1, 1995, convicting defendant upon his plea of guilty of the crimes of robbery in the first degree and assault in the first degree, and (2) by permission, from an order of said court, entered December 20, 1996, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, after a hearing.

Following his participation in the robbery of a truck stop with three other men, defendant was charged in a multicount indictment with the crimes of robbery and assault. Prior to trial, he pleaded guilty to the crimes of robbery in the first degree and assault in the first degree in full satisfaction of the indictment and was sentenced, respectively, to concurrent prison terms of 7 to 21 years and 4 to 12 years. As part of his guilty plea, defendant waived his right to appeal. Thereafter, defendant made a motion pursuant to CPL 440.10 to vacate the judgment of conviction upon the grounds that he was deprived of both his right to counsel and the effective assistance of counsel, and that his guilty plea was not knowing, voluntary and intelligent. Following a hearing, County Court denied the motion. Defendant now appeals from the judgment of conviction and, by permission, from County Court's order denying his CPL 440.10 motion.

Initially, we find no merit to defendant's assertion that his guilty plea was not knowingly, voluntarily and intelligently entered. The transcript of the plea proceedings reveals that County Court fully advised defendant of the consequences of pleading guilty, including the many rights he would be waiving by doing so. Although defendant initially indicated to County Court that he was confused and did not have a choice but to enter a plea of guilty, defendant subsequently communicated his wish to enter such a plea of his own free will after County Court reminded him that a jury was waiting in the event he wished to go to trial. Defendant further stated that he understood the court's admonitions, was not coerced into entering his plea and was satisfied with the services of his attorney. He proceeded to plead guilty to the charges as contained in two counts of the indictment. While defendant argues that he pleaded guilty only because his attorney informed him that his girlfriend, with whom he had two children, would be prosecuted if he did not, his claim is not borne out by the record. Consequently, we find no reason to disturb his guilty plea or his waiver of the right to appeal (*see, People v Jackson,* 240 AD2d 946, 947; *People v Sloan,* 228 AD2d 976, 976-977, *lv denied* 88 NY2d 994).

Having made a knowing and voluntary waiver of the right to appeal, defendant is precluded from arguing that his sentence is harsh and excessive (*see, People v Schwendinger*, 240 AD2d 822, *lv denied* 90 NY2d 910; *People v Buchanan*, 236 AD2d 741, *lv denied* 89 NY2d 1032; *People v Cuevas*, 234 AD2d 804, *lv denied* 89 NY2d 941). He is also precluded from claiming ineffective assistance of counsel, except to the extent this affected the voluntariness of his guilty plea (*see, People v Conyers*, 227 AD2d 793, *lv denied* 88 NY2d 982; *People v Ferguson*, 192 AD2d 800, *lv denied* 82 NY2d 717), which we have found was knowingly, voluntarily and intelligently made. We have considered defendant's remaining contention that he was deprived of his right to counsel by County Court's failure to grant his request for a substitution of assigned counsel and find it to be without merit.

Cardona, P. J., Mikoll, Crew III and White, JJ., concur. Ordered that the judgment and order are affirmed.

