(September 24, 1998)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAY R. YOUNG, Appellant. [679 NYS2d 427] —Mercure, J. P. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered March 28, 1997, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

After a search of his home revealed large quantities of cocaine and cash, defendant was charged in a felony complaint with the crime of criminal possession of a controlled substance in the first degree. He thereafter waived indictment and pleaded guilty to the crime of criminal possession of a controlled substance in the third degree in satisfaction of a superior court information. As a condition of the guilty plea, defendant waived his right to appeal, orally and in writing, and agreed to a prison sentence of 4 to 12 years. At the sentencing hearing, however, defendant moved to withdraw the plea on grounds that the agreed-upon sentence was inappropriate and that his guilty plea was coerced. Defense counsel opposed the withdrawal but supported the motion to the extent that it sought a reduction in defendant's sentence. County Court denied the motion and imposed the agreed-upon sentence, prompting this appeal by defendant.

We reject defendant's contention that he was coerced into waiving his right to appeal. Our review of the record reveals that during the plea allocution defendant expressed his understanding of the waiver and denied that his consent to the terms of the plea agreement was procured by promise or force (*see, People v Hadsell*, 249 AD2d 682, 683-684, *lv denied* 92 NY2d 852; *People v Brown*, 239 AD2d 784, *lv denied* 91 NY2d 870). Moreover, defendant executed a written waiver of appeal that explained the scope of the waiver and that, after consulting with his attorney, he was waiving his right to appeal " 'voluntarily, knowingly, and without coercion' " (*People v Harris [Bags]*, 242 AD2d 782, *lvs denied* 91 NY2d 1004, 1008). Under

these circumstances, we conclude that defendant effectively waived his right to appeal, notwithstanding that he refused to reaffirm the waiver at sentencing (*see, People v Marrero*, 242 AD2d 800). We therefore decline to review defendant's claim that the agreed-upon sentence was harsh and excessive (*see, People v Hidalgo*, 91 NY2d 733).

Yesawich Jr., Peters, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.