■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK A. LYNCH, Appellant. [683 NYS2d 297] —Carpinello, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered March 20, 1996, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

In satisfaction of a nine-count indictment charging defendant with various theft-related crimes, defendant pleaded guilty to burglary in the third degree. The plea allocution contained a knowing, voluntary and intelligent "withdraw[al] of all motions [he had] made" and waiver of the right to appeal (*see, People v Muniz*, 91 NY2d 570, 575). Indeed, defendant does not argue to the contrary.

Having knowingly, intelligently and voluntarily entered into the guilty plea, which included an explicit waiver of the right to appeal, defendant is precluded from challenging the denial of his suppression motion (*see, People v Dixon*, 210 AD2d 532, 533), the sufficiency of the Grand Jury evidence against him (*see, People v Cunningham*, 229 AD2d 669, 669-670; *People v Freeman*, 228 AD2d 972, *lv denied* 88 NY2d 985; *People v Prentice*, 175 AD2d 315, *lv denied* 78 NY2d 1079) and the denial of his request to testify before the Grand Jury (*see, People v Hoppe*, 244 AD2d 764, *lv denied* 91 NY2d 973; *People v Lasher*, 199 AD2d 595, *lv denied* 83 NY2d 855). Defendant's waiver of the right to appeal also precludes judicial review of his claimed denial of effective assistance of counsel "except insofar as the alleged ineffective assistance impacted on the voluntary nature of his plea" (*People v Conyers*, 227 AD2d 793, *lv denied* 88 NY2d 982; *see, People v Ellett*, 245 AD2d 952, *lv denied* 91 NY2d 925).

Given our finding that the plea was entered into voluntarily, that defendant himself does not attack the voluntariness of the plea and that none of the examples of alleged ineffective conduct impact the voluntariness of the plea, defendant's ineffective assistance of counsel argument, to the extent preserved, is without merit.

Crew III, J. P., White, Peters and Graffeo, JJ., concur. Ordered that the judgment is affirmed.