THIRD DEPARTMENT, NOVEMBER, 1999

(November 4, 1999)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY IRELAND, Appellant. [697 NYS2d 762] —Mercure, J. Appeal from a judgment of the County Court of Essex County (Ryan, J.), rendered December 3, 1997, convicting defendant upon his plea of guilty of the crime of criminal possession of stolen property in the third degree.

After defendant and his wife were indicted on multiple counts of criminal possession of stolen property and other crimes, they retained the services of an attorney who represented them through initial proceedings, including a *Gomberg* hearing. Claiming misconduct and deception, defendant and his wife discharged the attorney and retained another attorney who negotiated a plea bargain. Pursuant to the plea bargain, defendant entered an *Alford* plea of guilty to a single count of criminal possession of stolen property in the third degree in full satisfaction of all charges pending against him and he was sentenced to a prison term of 1 to 3 years. As part of the plea bargain defendant waived his right to appeal. Nevertheless, defendant appeals, claiming that he was deprived of the effective assistance of counsel by his first attorney.

Although a defendant may challenge the competency of his or her legal representation despite a knowing and voluntary waiver of the right to appeal (*see, People v Harris*, 242 AD2d 782, *lv denied* 91 NY2d 1008), the claim is limited to the impact of the alleged ineffective assistance on the voluntariness of the guilty plea (*see, People v Lynch*, 256 AD2d 651, *lv denied* 93 NY2d 1004; *People v Ellett*, 245 AD2d 952, 954, *lv denied* 91 NY2d 925), and there is nothing in the record to demonstrate that defendant's plea was infected by any ineffective assistance of counsel (*see, People v Defino*, 200 AD2d 907, *lv denied* 83 NY2d 851). In any event, having knowingly and voluntarily entered a guilty plea while represented by the second attorney, who was aware of the alleged deficiencies of the first attorney, provided effective assistance and negotiated a favorable plea bargain, defendant forfeited any claim regarding the competency of the first attorney (*see, People v Petgen*, 55 NY2d 529, 534-535; *People v Cance*, 155 AD2d 764).

Cardona, P. J., Mikoll, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the judgment is affirmed.