■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN J. TICE, Appellant. [699 NYS2d 745] —Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered June 9, 1997, convicting defendant upon his plea of guilty of the crime of criminal mischief in the fourth degree.

Pursuant to a negotiated plea bargain, defendant pleaded guilty to a single count of criminal mischief in the fourth degree as a result of his conduct in leaving a gasoline station pump nozzle locked in the "on" position on the ground overnight, causing quantities of fuel to empty into a nearby body of water when the station turned its pumps on in the morning. During the course of the plea allocution, defendant waived his right to appeal everything but the sentence. With respect to the plea bargain, the prosecutor indicated that, regarding sentence, the

---

agreement included no incarceration and a fixed amount of restitution, "but allowing the court other options including fines * * * community service, restitution, probation, and the waiver of appeal of everything other than sentence". The sole commitment from County Court was its agreement not to impose any sentence of incarceration. At sentencing, County Court imposed, *inter alia*, the agreed-upon restitution as well as 800 hours of community service. Defendant now appeals, challenging only the community service portion of the sentence imposed by County Court.

Upon review of the record, we conclude, and the People concede, that the record does not support a finding that County Court complied with the requirements of Penal Law § 65.10 with respect to the imposition of community service. Notably, Penal Law § 65.10 (2) (h) permits imposition of community service for misdemeanor convictions such as this one, however, it only does so "where the defendant has consented to the amount and conditions of such service". Thus, while there can be no question from the plea allocution that a general consent to the possibility of community service as a valid sentencing option can be inferred (*cf., People v Suros*, 209 AD2d 203, *lv denied* 85 NY2d 943, *cert denied* 516 US 862), there is no proof whatsoever on the record that defendant consented to the *amount* and *conditions* of the community service actually imposed by County Court, which is what is specifically required by the statute. Accordingly, the matter must be remitted to County Court for resentencing.

Mikoll, J. P., Mercure, Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Franklin County for resentencing; and, as so modified, affirmed.