■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JENNIFER IRELAND, Appellant. [711 NYS2d 560] —Mercure, J. Appeal from a judgment of the County Court of Essex County (Ryan, J.), rendered December 3, 1997, convicting defendant upon her plea of guilty of the crimes of burglary in the third degree and criminal possession of stolen property in the third degree.

A number of indictments were filed against defendant and her husband, codefendant Randy Ireland (hereinafter Ireland), arising out of various incidents occurring during their August 1996 vacation in Essex County. Ultimately, after one mistrial and the commencement of another trial with substitute counsel, defendant entered an *Alford* plea to one count of burglary in the third degree and one count of criminal possession of stolen property in the third degree in full satisfaction of all of the indictments pending against her. She also executed a waiver of her right to appeal. Prior to sentencing, defendant made an oral motion to withdraw her guilty plea and for an adjournment in order to obtain mental health records to support her motion. County Court denied the motion and proceeded to sentence defendant to concurrent periods of probation and restitution, all in accordance with the plea bargain. Defendant appeals.

Initially, we conclude that the assertions of error relating to defendant's first trial, including claims of inadequate assistance of counsel and prejudice due to missing transcripts, are not preserved for our consideration. As we stated in our consideration of Ireland's appeal: "Although a defendant may challenge the competency of his or her legal representation despite a knowing and voluntary waiver of the right to appeal (*see, People v Harris*, 242 AD2d 782, *lv denied* 91 NY2d 1008), the claim is limited to the impact of the alleged ineffective as-

sistance on the voluntariness of the guilty plea (*see, People v Lynch*, 256 AD2d 651, *lv denied* 93 NY2d 1004; *People v Ellett*, 245 AD2d 952, 954, *lv denied* 91 NY2d 925), and there is nothing in the record to demonstrate that defendant's plea was infected by any ineffective assistance of [her] counsel (*see, People v Defino*, 200 AD2d 907, *lv denied* 83 NY2d 851). In any event, having knowingly and voluntarily entered a guilty plea while represented by the second attorney, who was aware of the alleged deficiencies of the first attorney, provided effective assistance and negotiated a favorable plea bargain, defendant forfeited any claim regarding the competency of the first attorney (*see, People v Petgen*, 55 NY2d 529, 534-535; *People v Cance*, 155 AD2d 764)." (*People v Ireland*, 266 AD2d 573, 574.)

Nor are we persuaded that County Court abused its discretion in denying defendant's motion to withdraw her guilty plea. At the plea proceeding, defendant indicated that she had sufficient time to confer with her counsel and make an intelligent decision to enter her guilty plea, that she was satisfied with the representation provided by substitute counsel, that she understood what was taking place in court, that she was not threatened, coerced or forced to plead guilty, and that she was entering her plea freely and voluntarily in order to be with her children and to eliminate the risk of going to a State prison if she were found guilty after trial of any of the numerous charges that were pending against her. Under the circumstances, we conclude that defendant entered a knowing, voluntary and intelligent guilty plea and waiver of appeal (*see, People v Ferreri*, 271 AD2d 805; *People v Shaw*, 261 AD2d 648).

Defendant's remaining contentions have been considered and found to be lacking in merit.

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.