■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD HINES, Appellant. [716 NYS2d 613] —Spain, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered April 7, 1999, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the second degree (three counts) and criminal possession of a controlled substance in the third degree (three counts).

Defendant pleaded guilty to three counts of criminal sale of a

controlled substance in the second degree and three counts of criminal possession of a controlled substance in the third degree and was sentenced to an aggregate prison term of four years to life. He now appeals challenging the sufficiency of his plea allocution and, alternatively, asserting that the sentence imposed was harsh and excessive.

Defendant's challenge to the sufficiency of his plea allocution is not preserved for our review inasmuch as defendant failed to move to withdraw the plea under CPL 220.60 (3) or to vacate the judgment of conviction under CPL 440.10 (*see, People v Johnson*, 82 NY2d 683, 685; *People v Lopez*, 71 NY2d 662, 665). Moreover, the narrow exception to the preservation doctrine (*see, People v Lopez, supra*, at 666) is not applicable here inasmuch as the record fails to disclose any circumstances that would have warranted further inquiry by County Court prior to accepting defendant's plea (*see, People v Saitch*, 260 AD2d 724, 725, *lv denied* 93 NY2d 1006; *People v Vonderchek*, 245 AD2d 979, 980, *lv denied* 91 NY2d 945). In any event, we find that defendant's plea was entered into voluntarily and that his allocution established all of the necessary elements of the crimes to which he pleaded.

Likewise, we conclude that the sentence imposed was neither harsh nor excessive. Where a sentence is within permissible statutory ranges, it will not be disturbed unless the sentencing court abused its discretion or extraordinary circumstances exist warranting modification (*see, People v Brown*, 239 AD2d 784, 785, *lv denied* 91 NY2d 870; *People v Parson*, 209 AD2d 882, 884, *lv denied* 84 NY2d 1014). In light of defendant's prior criminal history and the serious nature of the crimes, we find no reason to modify the sentence imposed (*see, People v Brown, supra*, at 785; *People v Vasquez*, 231 AD2d 755, *lv denied* 89 NY2d 931).

Mercure, J. P., Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed.