■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD C. WOOD, Appellant. [715 NYS2d 106] —Carpinello, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered January 18, 2000, convicting defendant upon his plea of guilty of the crime of criminal sale of marihuana in the third degree.

In full satisfaction of an indictment and a pending misdemeanor charge, defendant pleaded guilty to criminal sale of marihuana in the third degree, a class E felony (*see*, Penal Law § 221.45), with the understanding that the People would recommend that defendant serve at least four months in jail. As a part of the plea agreement, defendant agreed to pay restitution in a specified sum and waived his right to appeal. Following a sentencing hearing, County Court sentenced defendant to five years' probation, 120 days in jail, the agreed-upon restitution and 50 hours of community service. Defendant appeals.

Initially, defendant contends that his guilty plea and waiver of the right to appeal were coerced by the ineffective assistance of his counsel and other surrounding circumstances. Although defendant's waiver of the right to appeal does not in and of itself preclude our review (*see*, *People v Seaberg*, 74 NY2d 1), defendant's failure to move to withdraw his guilty plea or to vacate the judgment of conviction renders defendant's arguments unpreserved for our review (*see*, *People v Smith*, 271 AD2d 752, 753; *People v Russell*, 237 AD2d 841, 842, *lv denied* 90 NY2d 897). Nonetheless, were we to review the arguments, we would find them to be lacking in merit. Our review of the record reveals that defendant knowingly, voluntarily and intelligently pleaded guilty and waived his right to appeal with the benefit of meaningful assistance from his counsel (*see*, *People v Ireland*, 274 AD2d 743; *People v Victor*, 262 AD2d 872, 873, *lv denied* 94 NY2d 830).

Turning to the legality of the sentence imposed, defendant contends, and the People concede, that County Court improperly imposed a sentence of community service. Penal Law § 65.10 (2) (h) permits a sentence of community service for a class E felony conviction only where "the defendant has consented to the amount and conditions of such service." Defendant's consent to the possibility of community service may not be inferred from the plea allocution and the record is otherwise devoid of any indication that defendant actually consented to the terms and conditions of community service imposed at the time of sentencing. Accordingly, the sentence of community service was not authorized and the matter must be remitted for resentencing (*see*, *People v Tice*, 267 AD2d 504, 505; *People v Suros*, ·209 AD2d 203, *lv denied* 85 NY2d 943, *cert denied* 516 US 862).

Mercure, J. P., Spain, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of St. Lawrence County for resentencing; and, as so modified, affirmed.