■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALONZO T. ROBERTSON, Appellant. [718 NYS2d 463] —Cardona, P. J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered January 28, 2000, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

On February 23, 1999, defendant was arrested after signing

for and receiving a Federal Express package addressed to an individual named Matthew Ewart containing cocaine and marihuana. Defendant was charged with criminal possession of a controlled substance in the first degree. Thereafter, following unsuccessful attempts to negotiate a plea bargain, defendant was indicted on the charge of criminal possession of a controlled substance in the first degree. Thereafter, defendant substituted attorneys and, on the eve of trial, pleaded guilty to the crime of criminal possession of a controlled substance in the second .degree and waived his right to appeal. No specific promise was made as to defendant's sentence other than County Court's commitment to sentence him to no less than three years to life and no more than five years to life. Defendant was sentenced to an indeterminate prison sentence of four years to life. Defendant appeals and we affirm.

Having knowingly, intelligently and voluntarily entered a guilty plea, which included an explicit waiver of his right to appeal, we conclude that defendant is precluded from challenging various issues raised herein. He cannot challenge his claimed defects in the Grand Jury proceedings and assertions of prosecutorial vindictiveness and selective prosecution (*see, People v Hansen*, 95 NY2d 227; *People v Pelchat*, 62 NY2d 97; *People v Lynch*, 256 AD2d 651, *lv denied* 93 NY2d 1004). Furthermore, since defendant's claim of ineffective assistance of counsel during the Grand Jury process does not include an allegation that "the alleged ineffective assistance impacted on the voluntary nature of his plea" (*People v Conyers*, 227 AD2d 793, *lv denied* 88 NY2d 982; *see, People v Lynch, supra*), his waiver precludes judicial review of that issue.

Although it is true that the presence of alleged jurisdictional or constitutional defects in the Grand Jury proceeding that implicate the integrity of the process may survive a guilty plea and waiver of appeal (*see, People v Hansen, supra*), our review of defendant's claims herein reveals contentions that could, at worst, be characterized as flaws of a technical or evidentiary nature that can be forfeited by a guilty plea (*see, id.*). Specifically, defendant maintains that the prosecution failed to advise the Grand Jury of his request, pursuant to CPL 190.50 (6), to have it hear the testimony of Ewart, the person listed as the addressee on the package received by defendant. As a result, defendant claims that this failure impaired the integrity of the Grand Jury proceeding and rendered the indictment subject to dismissal pursuant to CPL 210.35 (5) (*see, People v Butterfield*,

267 AD2d 870, *lv denied* 95 NY2d 833).* Regardless of the merit of this claim, however, in our view a claimed violation of this statutory right does not "activate a question of jurisdiction" or constitute a constitutional defect and, thus, does not survive a guilty plea (*People v Hansen, supra,* at 231). Accordingly, we cannot adopt defendant's view that the indictment must be dismissed on this ground.

The remaining issues raised by defendant have been examined and, to the extent that they have been preserved for appellate review, been found to be without merit.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.

---

* Defendant's request that the prosecution advise the Grand Jury foreperson of defendant's request to have Federal Express employees, the handler of the dog that sniffed the package and every person who handled the package, including law enforcement personnel, testify was agreed to by the District Attorney prior to the Grand Jury proceedings and our review of the Grand Jury minutes appears to establish that the individuals who handled the package did, in fact, testify.