■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER J. COPPAWAY, Appellant. [722 NYS2d 813] —Mercure, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered April 14, 2000, convicting defendant upon his plea of guilty of the crime of rape in the first degree.

Defendant's trial on an indictment charging rape in the first degree ended in a mistrial when the jury was unable to reach a verdict. Prior to the scheduled retrial, defendant entered a plea of guilty to the indictment and was sentenced to the agreed-upon determinate prison term of 7½ years. Although the plea bargain included defendant's waiver of the right to appeal, he now appeals and contends that the plea and waiver were coerced and that the sentence is harsh and excessive.

Defendant contends that he was coerced into pleading guilty by the District Attorney's threat to seek a superceding indictment which would include previously undisclosed sodomy charges revealed during the victim's trial testimony. "Although defendant's waiver of the right to appeal does not in and of itself preclude our review * * * defendant's failure to move to withdraw his guilty plea or to vacate the judgment of conviction renders defendant's arguments unpreserved for our review" (*People v Wood*, 277 AD2d 515, 516 [citations omitted]). In any event, defendant stated during the plea allocution that he was pleading voluntarily and of his own free will, that he had ample opportunity to consult with counsel and that there had been no threats. Contrary to his current claim that his plea was induced by the threat of additional charges, he stated at sentencing that he pleaded guilty to avoid the risk of a greater prison term, a valid consideration given the 25-year maximum possible sentence on a conviction of rape in the first degree (*see*, Penal Law § 70.02 [3] [a]). Defendant's unsubstantiated challenge to the voluntariness of his plea would, if preserved, provide no basis to disturb the plea and waiver of the right to appeal (*see*, *People v La Fave*, 265 AD2d 740, 741). Furthermore, in light of his valid waiver of the right to appeal, we decline to review defendant's claim that the agreed-upon sentence, which is considerably less than the harshest possible, was harsh and excessive (*see*, *People v Young*, 253 AD2d 982, *lv denied* 92 NY2d 1055).

Cardona, P. J., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.