■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES H. SEYMOUR, Appellant. [723 NYS2d 417] —Crew III, J. P. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered August 7, 1998, convicting defendant upon his plea of guilty of two counts of the crime of attempted assault in the first degree.

Defendant was charged with multiple crimes following an incident in which he threatened his estranged wife and her friend with a large knife. In full satisfaction of the indictment, defendant pleaded guilty to two counts of attempted assault in the first degree, waived his right to appeal and was sentenced as a second violent felony offender to two determinate prison terms of seven years, said terms to run concurrently. This appeal ensued.

Initially, our review of the record discloses that defendant entered a knowing, voluntary and intelligent guilty plea, including a waiver of the right to appeal, which precludes him from challenging the Grand Jury proceedings (*see, People v Robertson*, 279 AD2d 711, 712; *People v Lynch*, 256 AD2d 651, *lv denied* 93 NY2d 1004). Contrary to defendant's claim that he was denied effective assistance of counsel, we find that he was provided meaningful representation in the underlying proceedings (*see, People v Ponce*, 276 AD2d 921, 922; *People v Brooks*, 273 AD2d 513, 514, *lv denied* 95 NY2d 932).

We agree, however, that defendant's waiver did not encompass his right to appeal the severity of the sentence, inasmuch as he was not informed of the maximum sentence he could face if convicted after trial (*see, People v Shea*, 254 AD2d 512, 513; *see also, People v Jones*, 277 AD2d 1019, *lv denied* 96 NY2d 760; *People v Mayham*, 272 AD2d 951). Nevertheless, given that defendant agreed to the sentence as part of the plea bargain and considering his violent criminal history, we find no extraordinary circumstances warranting a reduction (*see, People v Wood*, 260 AD2d 726, *lv denied* 93 NY2d 982). Accordingly, we decline to disturb the judgment of conviction.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.