■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY J. GRANT, Appellant. [742 NYS2d 695] —Cardona, P.J.

Appeal from a judgment of the County Court of Cortland County (Ames, J.), rendered February 21, 2001, convicting defendant upon his plea of guilty of the crimes of attempted burglary in the second degree and criminal contempt in the first degree.

In satisfaction of a multicount indictment, defendant entered a negotiated plea of guilty to attempted burglary in the second degree and criminal contempt in the first degree. As a part of the agreement, defendant executed a written waiver of his right to appeal which encompassed all appealable issues. Defendant was sentenced to the agreed-upon concurrent prison terms of two years for the attempted burglary conviction and 1 to 3 years for the criminal contempt conviction. This appeal ensued.

Initially, defendant contends that his guilty plea and waiver of the right to appeal were coerced by the ineffective assistance of defense counsel. "To the extent that a claim of ineffective assistance of counsel impacts on the voluntariness of a defendant's guilty plea, the claim survives a waiver of the right to appeal * * * but the claim must ordinarily be preserved by a motion to withdraw the plea or a motion to vacate the judgment of conviction * * *" (*People v Johnson*, 288 AD2d 501, 502 [citations omitted]; *see, People v Wood*, 277 AD2d 515, *lv denied* 96 NY2d 789). Our review of the record discloses nothing which would warrant an exception to the preservation doctrine herein (*see, People v Goodings*, 277 AD2d 725, *lv denied* 96 NY2d 735). Even assuming, arguendo, that the issue is properly before us, our review of the record reveals no support for defendant's claim that he was denied the benefit of meaningful assistance of counsel (*see, People v Smith*, 263 AD2d 676, *lv denied* 93 NY2d 1027).

Finally, we conclude that defendant's contention that his sentence was harsh and excessive is encompassed by his unrestricted waiver of his right to appeal (*see, People v Hidalgo*, 91 NY2d 733). While defendant claims that the waiver cannot apply to his challenge to the severity of the sentence because he was not specifically advised at the time of his plea of the maximum sentence he could face, the requirement that a defendant be apprised of such maximum sentence in order for a waiver to be valid does not apply in a situation such as this where there is a specific sentence promise at the time of the waiver (*cf., id.*; *see, People v Lococo*, 92 NY2d 825).* In such a case, a defendant is clearly aware at the time of the waiver

---

* To the extent that *People v Seymour* (282 AD2d 871, *lv denied* 96 NY2d 907) supports defendant's claim regarding the scope of his waiver, we decline to follow it.

what the actual sentence will be and what rights are being waived. Therefore, an additional awareness of the maximum possible sentence is not necessary for there to be a voluntary, knowing and intelligent waiver of the right to appeal the validly imposed negotiated sentence. In any event, our review of the record discloses no abuse of discretion in the sentence imposed or any extraordinary circumstances which would warrant the exercise of our authority to modify the sentence in the interest of justice (*see, People v Vazquez*, 284 AD2d 730).

Mercure, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.