■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODERICK L. HASLIP, Appellant. [775 NYS2d 620]—

Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered May 9, 2002. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the conditional discharge and as modified the judgment is affirmed.

Memorandum: Defendant was convicted after a jury trial of one count of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]), but acquitted of the more serious charges of murder in the second degree (§ 125.25 [1], [2]) and manslaughter in the second degree (§ 125.15 [1]) in connection with the death of the 17-year-old victim. We reject defendant's contentions that the evidence is not legally sufficient to support the conviction and that the verdict is against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Brown*, 231 AD2d 956, 957 [1996]). We also reject defendant's contention that the verdict is repugnant (*see People v Trappier*, 87 NY2d 55, 58 [1995]).

However, we agree with defendant that the sentence is illegal. Defendant was convicted of a class A misdemeanor, for which the maximum term of incarceration is one year (*see* Penal Law § 70.15 [1]). While awaiting trial, defendant was incarcerated for a period that, giving defendant credit for good time, exceeded the highest possible jail sentence that could have been imposed. County Court nevertheless imposed a sentence of a conditional discharge, and as a condition, community service of 200 days with the county work program. While the Penal Law permits a conditional discharge for a misdemeanor conviction, a court may not without consent impose, as a condition, community service (§ 65.10 [2] [h]). Moreover, a court may not impose additional jail time, beyond the maximum term for a misdemeanor conviction, upon revocation of the conditional discharge for violation of its conditions (*see* § 65.05 [3] [b]). We therefore modify the judgment by vacating the conditional discharge. Present—Green, J.P., Hurlbutt, Gorski, Lawton and Hayes, JJ.