■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MAYE, Appellant. [893 NYS2d 375]—Garry, J.

In November 2007, evidence was produced before a grand jury revealing that defendant, a former boyfriend of the victim, broke into her apartment in the City of Albany and beat her with two baseball bats. Defendant testified before the grand jury on his own behalf, denying the allegations and asserting that he had been with his girlfriend at the time. Defendant offered the girlfriend as an alibi witness, but she was not called. The grand jury issued a four-count indictment charging defendant with, among other things, two counts of burglary in the first degree and assault in the second degree. He was convicted

---

of these charges by a jury verdict. Defendant later accepted a negotiated sentence, waiving his right to appeal as part of that agreement. Prior to trial, defendant moved to dismiss the indictment alleging that the instructions given by the prosecutor to the grand jury with regard to his alibi were defective. County Court denied the motion in a thorough written decision. Defendant now appeals, arguing that the indictment was obtained in violation of his constitutional rights to due process and to indictment by a grand jury as a result of the alleged defects.

Defendant does not claim that his waiver of appeal was not made knowingly, intelligently and voluntarily, and we disagree with his claim that the alleged defects in the grand jury proceedings "involve a right of constitutional dimension going to 'the very heart of the process' " that would survive the waiver (*People v Lopez*, 6 NY3d 248, 255 [2006], quoting *People v Hansen*, 95 NY2d 227, 230 [2000]).* Without regard to the merits of defendant's claim, the alleged defects are not of a constitutional or jurisdictional nature, but are merely "flaws of a technical or evidentiary nature" (*People v Robertson*, 279 AD2d 711, 712 [2001], *lv denied* 96 NY2d 805 [2001]); therefore, defendant has waived his right to seek review of these matters (*see People v Hansen*, 95 NY2d at 231; *People v Stokely*, 49 AD3d 966, 968 [2008]; *People v Robertson*, 279 AD2d at 713).

Mercure, J.P., Peters, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.

* *People v Hansen* (*supra*) involved a guilty plea rather than a waiver entered into as part of a sentencing agreement, but this is not a relevant distinction (*see People v Seaberg*, 74 NY2d 1, 10 [1989]).