People v Anderson (2019 NY Slip Op 07956)





People v Anderson


2019 NY Slip Op 07956


Decided on November 07, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 07, 2019

109694

[*1]The People of the State of New York, Respondent,
v
Anthony G. Anderson, Appellant.

Calendar Date: October 9, 2019

Before: Garry, P.J., Mulvey, Devine and Aarons, JJ.


Carolyn B. George, Albany, for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the Supreme Court (McDonough, J.), rendered June 20, 2017 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
Defendant was charged in a 14-count indictment with various crimes — primarily pertaining to his possession and sale of controlled substances between April 2015 and June 2016. In full satisfaction of the indictment and a pending violation of probation charge, defendant pleaded guilty to one count of criminal sale of a controlled substance in the third degree and waived his right to appeal. Under the terms of the agreement, Supreme Court agreed to impose a determinate prison sentence of no less than 8 years and no more than 12 years, to be followed by three years of postrelease supervision. Supreme Court also advised defendant that if, among other things, he did not show up on time for sentencing, it would take that into consideration when imposing the sentence. Although the original date of sentencing was adjourned to provide defendant an opportunity to receive certain medical treatment, defendant failed to show up for sentencing at the adjourned-to date and a bench warrant was issued. Upon defendant's return, Supreme Court sentenced him to 12 years in prison, to be followed by three years of postrelease supervision. Defendant appeals.
We affirm. Initially, the record reflects that defendant's combined oral and written waiver of the right to appeal was knowing, intelligent and voluntary. Defendant was advised at the outset of the plea colloquy that waiving the right to appeal was a condition of the plea agreement (see People v Moore, 167 AD3d 1158, 1159 [2018], lv denied 33 NY3d 951 [2019]; People v Koontz, 166 AD3d 1215, 1216 [2018], lv denied 32 NY3d 1206 [2019]). Supreme Court distinguished the right to appeal from the trial-related rights automatically forfeited by a guilty plea, ensured that defendant understood the right and that, prior to signing the written waiver, defendant had discussed it with counsel. Under these circumstances, we find that defendant validly waived the right to appeal (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Vanalst, 171 AD3d 1349, 1350 [2019], lv denied 33 NY3d 1109 [2019]). Contrary to defendant's contention, the knowing, intelligent and voluntary waiver was not rendered invalid by his refusal to reaffirm the waiver at sentencing (see People v Young, 253 AD2d 982, 982-983 [1998], lv denied 92 NY2d 1055 [1999]). Given the valid appeal waiver, defendant's claim that the imposed sentence is harsh and excessive is precluded (see People v Pantoja, 172 AD3d 1826, 1826 [2019]; People v Williams, 6 AD3d 746, 748 [2004], lv denied 3 NY3d 650 [2004]).
We also reject defendant's contention that Supreme Court erred in imposing what he characterizes as an "enhanced" sentence without providing him an opportunity to withdraw his plea. Although "[a] sentencing court may not impose an enhanced sentence unless it has informed the defendant of specific conditions that the defendant must abide by or risk such enhancement, or give the defendant an opportunity to withdraw his or her plea before the enhanced sentence is imposed" (People v Tole, 119 AD3d 982, 984 [2014]; accord People v Hunter, 173 AD3d 1249, 1250 [2019], lv denied 34 NY3d 933 [2019]), the record reflects that the sentence imposed here was within the agreed-upon range in the plea agreement. Because an enhanced sentence was not imposed, Supreme Court had no obligation to provide defendant with an opportunity to withdraw his plea prior to sentencing him.
Garry, P.J., Mulvey and Devine, JJ., concur.
ORDERED that the judgment is affirmed.