People v Joseph D. (2024 NY Slip Op 02064)

People v Joseph D.

2024 NY Slip Op 02064

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2022-03249
 (Ind. No. 138/21)

[*1]The People of the State of New York, respondent,
v
Joseph D. (Anonymous), appellant.

Goldstein & Rayner, Pearl River, NY (John S. Edwards of counsel), for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Jacob B. Sher of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Rockland County (Sherri L. Eisenpress, J.), imposed March 15, 2022, adjudicating him a youthful offender, and sentencing him to a determinate term of incarceration of 6 months, to be followed by a term of probation of 5 years which included a condition that he perform 10 hours of community service per week for a not-for-profit organization during the entire period of probation, upon his conviction of aggravated vehicular homicide, vehicular manslaughter in the second degree, manslaughter in the second degree, assault in the second degree (four counts), vehicular assault in the first degree, vehicular assault in the second degree (four counts), reckless driving, driving while intoxicated in violation of Vehicle and Traffic Law § 1192(2), driving while intoxicated in violation of Vehicle and Traffic Law § 1192(3), driving while ability impaired by drugs, and driving while ability impaired by the combined influence of drugs and alcohol, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is modified, on the law, by deleting the provision thereof requiring the defendant, as a condition of probation, to perform 10 hours of community service per week for a not-for-profit organization during the entire period of probation; as so modified, the sentence is affirmed.
In the early morning hours of April 24, 2021, the defendant, a high school student, was driving a vehicle while under the influence of alcohol and marijuana. The defendant lost control of the vehicle and crashed into, among other things, a utility pole. As a result of the incident, three of the passengers in the vehicle sustained serious injuries, and a fourth passenger was killed. The defendant was indicted on charges including aggravated vehicular homicide, vehicular manslaughter in the second degree, manslaughter in the second degree, and assault in the second degree. He thereafter pleaded guilty to every count in the indictment. Before he pleaded guilty, the County Court promised to impose an aggregate sentence with a maximum term of incarceration of six months to be followed by a term of probation of five years. At sentencing, the court adjudicated the defendant a youthful offender and imposed the promised sentence. However, the court also required the defendant, as a condition of probation, to perform 10 hours of community service per week for a not-for-profit organization during the entire period of probation. On appeal, the defendant contends that this condition of probation was improperly imposed in excess of the court's statutory authority. The People take no position with respect to the defendant's contention.
"Pursuant to Penal Law § 65.10(1), the conditions of probation 'shall be such as the [*2]court, in its discretion, deems reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him [or her] to do so'" (People v Mensah, 221 AD3d 732, 733). In Penal Law § 65.10(2), the Legislature set forth a list of conditions intended as rehabilitative (see People v Hakes, 32 NY3d 624, 629). For example, a court may require a defendant, as a condition of a sentence of probation, to "[p]erform services for a public or not-for-profit corporation, association, institution[,] or agency" (Penal Law § 65.10[2][h]; cf. CPL 170.55). However, a community service condition "may only be imposed upon conviction of" certain types of crimes, including a "class E felony, or a youthful offender finding replacing any such conviction, where the defendant has consented to the amount and conditions of such service" (Penal Law § 65.10[2][h]; see People v Bush, 38 NY3d 66, 73; People v Wood, 277 AD2d 515, 516; cf. Matter of Jzamaine E.M., 150 AD3d 738, 739).
Here, the defendant correctly asserts that "the record is . . . devoid of any indication that [he] actually consented to the terms and conditions of community service imposed at the time of sentencing" (People v Wood, 277 AD2d at 516; see People v Haslip, 6 AD3d 1061, 1062; People v Suros, 209 AD2d 203, 203). The comments of defense counsel at sentencing did not provide the requisite consent, as defense counsel's suggestion of community service was made in the context of arguing that a term of incarceration was unwarranted. In any event, even if defense counsel's statements could be construed as providing the defendant's "consent to the possibility of community service . . . , there is no proof whatsoever on the record that [the] defendant consented to the amount and conditions of the community service actually imposed by [the] County Court, which is what is specifically required by [Penal Law § 65.10(2)(h)]" (People v Tice, 267 AD2d 504, 505 [citations and emphasis omitted]; see People v Wood, 277 AD2d at 516; cf. People v Luksenberg, 2001 NY Slip Op 40565[U], *2-3 [App Term, 2d Dept, 9th & 10th Jud Dists]).
In light of our determination, we need not reach the defendant's remaining contention.
Accordingly, we modify the sentence to the extent indicated herein.
CONNOLLY, J.P., IANNACCI, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court