■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL E. SWANSON, Appellant. [665 NYS2d 181] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Lewis County Court for further proceedings in accordance with the following Memorandum: County Court properly denied the motion of defendant to suppress items seized from his garage that were not enumerated on the search warrant. "The 'plain view' doctrine permits seizure of an item not specifically referred to in the search warrant if the officer was lawfully in a position to observe the item, observation was inadvertent rather than anticipated, and the incriminating character of the items was immediately apparent" (*People v Basilicato,* 64 NY2d 103, 115). Here, police officers executing the warrant recognized the unenumerated items as the fruits of burglaries under investigation, and their discovery of the items was unanticipated (*see, People v Sage,* 204 AD2d 746, 747, *lv denied* 84 NY2d 832; *cf., People v McCullars,* 174 AD2d 118, *appeal dismissed* 80 NY2d 800).

Defendant failed to preserve for our review his contention that certain witnesses at trial were accomplices within the meaning of CPL 60.22 (*see,* CPL 470.05 [2]). In any event, defendant's contention is without merit. Pursuant to Penal Law § 165.65 (2), a person charged with possession of stolen property who did not participate in the larceny of the property "may be convicted thereof solely upon the testimony of one from whom he obtained such property" (*see, People v Valinoti,* 26 NY2d 553, 556-557). Here, the witnesses were participants in burglaries that yielded the stolen property at issue, and there is no evidence that defendant participated in those burglaries. Thus, contrary to the further contention of defen-

dant, he was not denied effective assistance of counsel based upon defense counsel's failure to request accomplice and corroboration charges with respect to those witnesses (*see generally, People v Baldi*, 54 NY2d 137, 147).

The evidence at trial is legally sufficient to sustain defendant's conviction of criminal possession of stolen property in the third degree (Penal Law § 165.50; *see, People v Bleakley*, 69 NY2d 490, 495).

Defendant's sentence is neither unduly harsh nor severe. We agree with defendant, however, that the court erred in ordering him to pay restitution in the amount of $2,226.96 without conducting a hearing; the record did not contain sufficient evidence of the "dollar amount of the fruits of the offense and the actual out-of-pocket loss to the victim caused by the offense" (Penal Law § 60.27 [2]; *see generally, People v Fuller*, 57 NY2d 152, 157-159). We therefore modify the judgment by vacating the award of restitution, and we remit the matter to Lewis County Court for a hearing to determine the amount of the victims' losses. (Appeal from Judgment of Lewis County Court, Clary, J.—Criminal Possession Stolen Property, 3rd Degree.) Present—Pine, J. P., Lawton, Hayes, Wisner and Fallon, JJ.