■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK MASTIN, Appellant. (Appeal No. 2.) [689 NYS2d 913] —Order unanimously affirmed. Same Memorandum as in *People v Mastin* (261 AD2d 892 [decided herewith]). (Appeal from Order of Ontario County Court, Harvey, J.—CPL art 440.) Present— Denman, P. J., Hayes, Wisner, Hurlbutt and Callahan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD TIERNO, Appellant. [690 NYS2d 800] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Onondaga County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of grand larceny in the third degree (Penal Law § 155.35). County Court erred in ordering defendant to pay restitution in the amount of $152,062.94 without holding a hearing on that issue. Defendant made no statement at the plea proceeding or at sentencing to support the amount of restitution ordered by the court (*see, People v Consalvo,* 89 NY2d 140, 144-145; *People v Barnett,* 237 AD2d 917, 918, *lv denied* 90 NY2d 855). The court improperly relied on amounts recited in the presentence report (*see, People v Bernier,* 197 AD2d 882; *People v Millar,* 144 AD2d 1032, 1032-1033). That document does not contain sufficient evidence to support "a finding as to the dollar amount of the fruits of the offense and the actual out-of-pocket loss to the victim caused by the offense" (Penal Law § 60.27 [2]; *see, People v Mangan,* 258 AD2d 819; *People v Lynch,* 255 AD2d 1001; *People v Swanson,* 244 AD2d 945, *lv denied* 91 NY2d 898). Thus, we modify the judgment by vacating the amount of restitution, and we remit the matter to Onondaga County Court for a hearing to determine the amount of restitution. (Appeal from Judgment of Onondaga County Court, Burke, J.—Grand Larceny, 3rd Degree.) Present—Denman, P. J., Hayes, Wisner, Hurlbutt and Callahan, JJ.