■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEREMY L. WHITE, Appellant. [698 NYS2d 803] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Lewis County Court for further proceedings in accordance with the following Memorandum: Defendant was convicted upon his plea of guilty of attempted burglary in the

second degree (Penal Law §§ 110.00, 140.25 [1]) and was sentenced to an indeterminate term of incarceration of 2 to 4 years and was ordered to pay $3,573.90 in restitution to the Probation Department. We agree with defendant that the amount of restitution awarded must be vacated and the matter remitted for a hearing regarding the amount of restitution. Where a defendant pleads guilty, "evidence to support the restitution amount generally can only be found in the [plea] agreement itself or the minutes of the plea allocution" (*People v Consalvo*, 89 NY2d 140, 144). Here, defendant did not expressly agree to the amount of restitution at the plea allocution. Additionally, it was improper for County Court to rely exclusively on amounts recited in the presentence investigation report (*see, People v Bernier*, 197 AD2d 882). The fact that defendant neither requested a hearing nor objected to the amount does not constitute waiver "because of the 'essential nature' of the right to be sentenced in accordance with the law" (*People v Dickson*, 260 AD2d 931, 933, n, quoting *People v Fuller*, 57 NY2d 152, 156).

Additionally, remittitur is required because the itemized list supplied by the victim to the Probation Department provides dollar amounts for the losses suffered by the victim, but the total amount sought is inconsistent with the total of the individual items. Thus, it is not clear from the record how the court determined the amount of restitution (*see, People v Sommer*, 105 AD2d 1052, 1053). Nor is there sworn testimony sufficient to establish the amount of lost wages (*see, People v Morales*, 256 AD2d 729). The court's reliance on the victim impact statement was inappropriate because the statement was not sworn (*see, People v Welsher*, 154 AD2d 915, 916, *lv denied* 74 NY2d 952). Thus, we modify the judgment by vacating the amount of restitution awarded, and we remit the matter to Lewis County Court for a hearing to determine the amount of restitution. (Appeal from Judgment of Lewis County Court, Merrell, J.—Attempted Burglary, 2nd Degree.) Present—Denman, P. J., Hayes, Hurlbutt, Scudder and Balio, JJ.