■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBBIE J. TOTH, Appellant. [697 NYS2d 791] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of driving while intoxicated as a felony (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c]) and other crimes. The verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). The testimony of a police officer concerning his observation of defendant, as well as the testimony of defendant's witnesses that defendant had been drinking that night, is sufficient to establish defendant's intoxication (*see, People v Donhauser,* 255 AD2d 933). In light of defendant's extensive history of alcohol-related offenses, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Erie County Court, DiTullio, J.—Felony Driving While Intoxicated.) Present—Green, J. P., Lawton, Hayes, Hurlbutt and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL BARKER, Appellant. [698 NYS2d 805] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a guilty plea of robbery in the third degree (Penal Law § 160.05). The record establishes that defendant's waiver of the right to appeal was voluntary, knowing and intelligent (*see, People v DeJesus,* 248 AD2d 1023, *lv denied* 92 NY2d 879; *People v Zimmerman,* 219 AD2d 848, *lv denied* 88 NY2d 856). "Because Supreme Court did not advise defendant of the potential periods of incarceration, the waiver by defendant of the right to appeal does not encompass his challenge to the severity of the sentence" (*People v Wynn,* 262 AD2d 1052; *see, People v Shea,* 254 AD2d 512). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, Tills, J.—Robbery, 3rd Degree.) Present—Green, J. P., Lawton, Hayes, Hurlbutt and Balio, JJ.