■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CASSANDRA MAYHAM, Appellant. [709 NYS2d 265] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting her upon her plea of guilty of assault in the second degree (Penal Law § 120.05 [2]), defendant's sole contention on appeal is that the sentence is unduly harsh or severe. Contrary to the People's contention, defendant's waiver of the right to appeal does not encompass the challenge to the severity of the sentence because defendant was not advised of the potential periods of incarceration (*see, People v Cormack*, 269 AD2d 815; *People v Barker*, 266 AD2d 846; *People v Wynn*, 262 AD2d 1052). We conclude, however, that the sentence imposed, six months of incarceration and five years of probation, is not unduly harsh or severe. (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Assault, 2nd Degree.) Present—Pine, J. P., Hayes, Scudder and Kehoe, JJ.

■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOSCHAN LANE, Appellant. [710 NYS2d 237] —Judgment unanimously affirmed (*see, People v Lococo*, 92 NY2d 825, 827). (Appeal from Judgment of Erie County Court, D'Amico, J.—Attempted Burglary, 2nd Degree.) Present—Pine, J. P., Hayes, Scudder and Kehoe, JJ.

■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEMUEL JONES, Appellant. [708 NYS2d 677] —Judgment unanimously affirmed. Memorandum: The challenge by defendant to the severity of his sentence is foreclosed by his valid waiver of the right to appeal (*see, People v Lococo*, 92 NY2d 825, 827). We reject the contention that defendant was denied effective assistance of counsel based on defense counsel's delay in filing the notice of appeal. Defendant has failed to demonstrate any prejudice arising therefrom because his only challenge on appeal is foreclosed by his waiver of the right to appeal. (Appeal from Judgment of Orleans County Court, Punch, J.—Attempted Criminal Possession Controlled Substance, 3rd Degree.) Present—Pine, J. P., Hayes, Scudder and Kehoe, JJ.