■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANNA WILSON, Appellant. [714 NYS2d 920] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Oswego County Court for further proceedings in accordance with the following Memorandum: Defendant was convicted upon a jury verdict of arson in the third degree (Penal Law § 150.10 [1]), criminal mischief in the second degree (Penal Law § 145.10) and endangering the welfare of a child (Penal Law § 260.10 [1]). We reject her contention that she was denied effective assistance of counsel. We will not second-guess whether defense counsel's trial strategy "was the best trial strategy, or even a good one, so long as defendant was afforded meaningful representation" (*People v Satterfield*, 66 NY2d 796, 799-800). Additionally, the sentence is neither unduly harsh nor severe.

As the People correctly concede, County Court erred in directing defendant to pay restitution without first conducting a hearing on the amount of restitution to be paid where, as here, the record does not contain sufficient evidence to support the amount ordered (*see*, Penal Law § 60.27 [2]; *People v Lambert*, 221 AD2d 1015). Therefore, we modify the judgment by vacating the amount of restitution, and we remit the matter to Oswego County Court for a hearing to determine the amount of restitution to be paid by defendant (*see, People v Bernier*, 197 AD2d 882). (Appeal from Judgment of Oswego County Court, Hafner, Jr., J.—Arson, 3rd Degree.) Present—Green, J. P., Hayes, Wisner, Scudder and Lawton, JJ.

■ DAVID MACDONALD, Appellant, et al., Plaintiff, v CITY OF NIAGARA FALLS, Respondent. [713 NYS2d 378] —Order unanimously affirmed without costs. Memorandum: Plaintiffs commenced this action to recover damages for injuries David MacDonald (plaintiff) sustained during the construction of defendant's water treatment plant. Supreme Court properly denied plaintiffs' motion for partial summary judgment on liability on the Labor Law § 240 (1) cause of action and granted that part of defendant's cross motion seeking summary judgment dismissing that cause of action. Plaintiff's slip and fall down a plywood ramp is not the type of elevation-related hazard contemplated by Labor Law § 240 (1) (*see, Maggi v Innovax Methods Group Co.*, 250 AD2d 576, 577, *lv denied* 92 NY2d 819). (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Green, J. P., Hayes, Wisner, Scudder and Lawton, JJ.