■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW J. NICHOLS, Appellant. [714 NYS2d 553] —Crew III, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered October 16, 1998, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

Pursuant to a plea bargain and in exchange for an agreed-upon sentence of seven years in prison, defendant pleaded guilty to one count of robbery in full satisfaction of a multi-count indictment and waived his right to appeal. At the time of sentencing, County Court ordered that defendant make restitution in the amount of $1,221.02 as requested by the People in spite of the fact that such was not included as part of the plea bargain. Defendant now appeals.

Initially, we reject the People's argument that the propriety of the restitution order is not properly before us due to defendant's waiver of appeal. Such waiver clearly was predicated upon the imposition of the agreed-upon sentence and should not be enforced where the sentence imposed is contrary to such agreement (*cf., People v Fabian*, 240 AD2d 591, 592, *lv denied* 90 NY2d 904). Turning to the merits, inasmuch as restitution was not included in the plea bargain, County Court had an obligation to offer defendant the opportunity to either "withdraw his plea or to accept the greater sentence of restitution in addition to a prison sentence" (*People v Cowan*, 168 AD2d 509). Accordingly, the matter must be remitted to County Court for that purpose (*see, id.; see also, People v Cisco*, 208 AD2d 643).

Mercure, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.