THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFERY DIBBLE, Appellant. (Appeal No. 1.) [716 NYS2d 627] —Judgment unanimously affirmed. Same Memorandum as in *People v Dibble* (277 AD2d 969 [decided herewith]). (Appeal from Judgment of Monroe County Court, Maloy, J.—Robbery, 3rd Degree.) Present—Pigott, Jr., P. J., Green, Hayes, Scudder and Kehoe, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFERY DIBBLE, Appellant. (Appeal No. 2.) [716 NYS2d 539] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Monroe County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from judgments convicting him upon his guilty pleas of robbery in the third degree (Penal Law § 160.05) and burglary in the third degree (Penal Law § 140.20). Defendant contends that the pleas were rendered involuntary by defense counsel's alleged ineffective assistance. The majority of the alleged instances of ineffective assistance of counsel are based upon matters outside the record and thus are not subject to review on direct appeal (*see, People v Williams,* 272

AD2d 986), and the record does not otherwise support defendant's contention (*see, People v Tyler,* 260 AD2d 796, 798, *lv denied* 93 NY2d 980). The contention that County Court erred in failing to rule on defendant's motion to withdraw the guilty pleas cannot be reviewed because no such motion is included in the record (*see, People v Moe,* 227 AD2d 253, 254-255, *lv denied* 88 NY2d 968; *see also, People v McDermott,* 146 AD2d 874, 875, *lv denied* 73 NY2d 1018).

The court erred, however, in failing to conduct a hearing to determine the proper amount of restitution to be made to the victim of the burglary. "When the record is insufficient to support a finding as to the amount of loss caused by an offense, 'the court must conduct a hearing upon the issue in accordance with the procedure set forth in section 400.30 of the criminal procedure law' (Penal Law § 60.27 [2])" (*People v Dixon,* 134 AD2d 877, 878; *see also, People v Wilson,* 275 AD2d 1035; *People v Barton,* 259 AD2d 989). Contrary to the People's contention, the record contains no indication of "defendant's express consent to, or explicit admission or concession of, [the] victim's monetary loss" (*People v Jody M.,* 208 AD2d 1019, 1020; *see, People v Consalvo,* 89 NY2d 140, 145-146). Therefore, we modify the judgment in appeal No. 2 by vacating the amount of restitution, and we remit the matter to Monroe County Court for a hearing to determine the amount of restitution to be paid by defendant. (Appeal from Judgment of Monroe County Court, Maloy, J.—Burglary, 3rd Degree.) Present—Pigott, Jr., P. J., Green, Hayes, Scudder and Kehoe, JJ.