from a complaint lodged by defendant Louise Schoene alleging that plaintiff stole various items of office equipment belonging to defendant Gary Schoene. In dismissing 'the civil complaint, the court properly determined as a matter of law that Louise was acting on her own, not on behalf of Gary, in lodging the criminal complaint, thus warranting the dismissal of the civil complaint against Gary for lack of any agency relationship. The court also properly determined as a matter of law that Louise had probable cause to lodge the criminal complaint, thus warranting the dismissal of the civil complaint against her (see, Martinez v Wegmans Food Mkts., 270 AD2d 834, lv denied 95 NY2d 757; Pandolfo v U.A. Cable Sys., 171 AD2d 1013, 1013-1014; Jackson v County of Nassau, 123 AD2d 834, lv denied 69 NY2d 608). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present— Hayes, J. P., Scudder, Kehoe and Lawton, JJ.

■ In the Matter of Roy A. Hampton, Petitioner, v Glenn S. Goord, as Commissioner of New York State Department of Correctional Services, Respondent. [716 NYS2d 347] —Proceeding unanimously dismissed without costs as moot (see, Matter of Free v Coombe, 234 AD2d 996). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Pigott, Jr., P. J., Green, Hayes, Scudder and Kehoe, JJ.

■ The People of the State of New York, Respondent, v Jeffery Dibble, Appellant. (Appeal No. 1.) [716 NYS2d 627] —Judgment unanimously affirmed. Same Memorandum as in People v Dibble (277 AD2d 969 [decided herewith]). (Appeal from Judgment of Monroe County Court, Maloy, J.—Robbery, 3rd Degree.) Present—Pigott, Jr., P. J., Green, Hayes, Scudder and Kehoe, JJ.

■ The People of the State of New York, Respondent, v Jeffery Dibble, Appellant. (Appeal No. 2.) [716 NYS2d 539] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Monroe County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from judgments convicting him upon his guilty pleas of robbery in the third degree (Penal Law § 160.05) and burglary in the third degree (Penal Law § 140.20). Defendant contends that the pleas were rendered involuntary by ·defense counsel's alleged ineffective assistance. The majority of the alleged instances of ineffective assistance of counsel are based upon matters outside the record and thus are not subject to review on direct appeal (see, People v Williams, 272