■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID OEHLER, Appellant. [719 NYS2d 417] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Erie County Court for further proceedings in accordance with the following Memorandum: Because County Court failed to advise defendant during the plea proceedings of the potential periods of incarceration, the waiver by defendant of the right to appeal does not encompass his challenge to the severity of the sentence (*see, People v Mayham,* 272 AD2d 951; *People v Wynn,* 262 AD2d 1052). Moreover, because the terms

of the plea bargain set forth in the record do not include restitution, the waiver of the right to appeal does not encompass defendant's challenge to the restitution ordered by the court (*see, People v Nichols,* 276 AD2d 832).

The sentence is not unduly harsh or severe. We conclude, however, that the court erred in ordering defendant to pay restitution in the amount of $614 without conducting a hearing. Neither the plea agreement itself nor the minutes of the plea allocution support the amount ordered, and the court erred in relying exclusively on an amount set forth in the presentence investigation report (*see, People v White,* 266 AD2d 831, 832; *see also, People v Tierno,* 261 AD2d 895; *People v Forness,* 244 AD2d 900, *lv denied* 91 NY2d 891), an error compounded by the fact that differing amounts of loss are set forth in that report. Thus, we modify the judgment by vacating the amount of restitution, and we remit the matter to Erie County Court for a hearing to determine the amount of restitution (*see, People v Barton,* 259 AD2d 989). (Appeal from Judgment of Erie County Court, DiTullio, J.—Attempted Robbery, 1st Degree.) Present—Pigott, Jr., P. J., Green, Pine, Kehoe and Balio, JJ.