■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM GUISE, Appellant. [718 NYS2d 780] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of unauthorized use of a vehicle in the second degree (Penal Law § 165.06) and attempted reckless endangerment in the first degree (Penal Law §§ 110.00, 120.25). He was sentenced as a second felony offender to consecutive indeterminate terms of incarceration of 2 to 4 and 1½ to 3 years, respectively, and

was ordered to pay $2,247.35 in restitution. We reject the contention of defendant that Supreme Court erred in ordering him to pay restitution without affording him an opportunity to withdraw his guilty plea. No sentencing promise was made to defendant, and thus the court did not err in ordering him to pay restitution (*cf., People v McCloskey,* 272 AD2d 983; *People v Thomas,* 210 AD2d 902, 902-903). We agree with defendant, however, that the court erred in determining the amount of restitution without holding a hearing. "[W]here guilt is established pursuant to a plea agreement rather than a trial, evidence to support the restitution amount generally can only be found in the agreement itself or the minutes of the plea allocution" (*People v Consalvo,* 89 NY2d 140, 144). In determining the amount of restitution, the court relied on estimates submitted by the victim to repair his vehicle that was damaged as a result of defendant's criminal conduct. Defendant did not plead guilty with the knowledge that the court would order restitution, nor did he agree to the amount of restitution ordered by the court at sentencing; indeed, at no time did defendant admit that he damaged the vehicle (*see, People v Barnett,* 237 AD2d 917, 918, *lv denied* 90 NY2d 855; *cf., People v Kim,* 91 NY2d 407, 410-411; *People v Rocklin,* 265 AD2d 920, 921, *lv denied* 94 NY2d 906). We therefore modify the judgment by vacating the amount of restitution, and we remit the matter to Supreme Court for a hearing to determine the amount of restitution (*see, People v Dibble* [appeal No. 2], 277 AD2d 969).

Contrary to the contention in defendant's *pro se* supplemental brief, the court was not required to impose concurrent sentences (*see, People v Brown,* 80 NY2d 361, 363-364; *see also, People v Chaney,* 163 AD2d 617, *lv denied* 76 NY2d 892; *see generally, People v Laureano,* 87 NY2d 640). Although defendant was not informed of the potential periods of incarceration if consecutive sentences were imposed and thus his waiver of the right to appeal does not encompass his challenge to the severity of the sentence (*see, People v Cormack,* 269 AD2d 815; *People v Wynn,* 262 AD2d 1052; *cf., People v Lococo,* 92 NY2d 825), we nevertheless conclude that the sentence is not unduly harsh or severe. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Unauthorized Use Vehicle, 2nd Degree.) Present—Green, J. P., Hayes, Hurlbutt, Kehoe and Balio, JJ.