THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD YOUNG, Appellant. [723 NYS2d 588] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Oswego County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him upon a guilty plea of robbery in the second degree (Penal Law § 160.10 [1]). He contends that County Court erred in accepting the plea without first inquiring into his alleged intoxication at the time of the offense. We reject that contention. Defendant's summary recitation of the facts underlying the plea did not cast doubt upon defendant's guilt so as to require an inquiry (*see, People v Rivera*, 266 AD2d 576, 577). The issue of intoxication was raised for the first time in the presentence report, and defendant failed to move to withdraw the plea or to vacate the judgment of conviction. Thus, to the extent that defendant's contention is based on the presentence report, that contention is not preserved for our review (*see, People v Lopez*, 71 NY2d 662, 665-666; *People v Boone*, 201 AD2d 356, *lv denied* 83 NY2d 849; *see also, People v Brooks*, 270 AD2d 569, 570, *lv denied* 95 NY2d 794; *People v Rodriguez*, 262 AD2d 242, *lv denied* 93 NY2d 1045). In any event, that report does not recite that defendant claimed that he was innocent. Rather, defendant offered intoxication as an explanation for his actions and did not assert that he was so intoxicated that he was unable to form the intent necessary for the commission of robbery in the second degree (*see*, Penal Law § 15.25).

The waiver by defendant of the right to appeal encompasses

his contention that the sentence is unduly harsh or severe (*see, People v Hidalgo*, 91 NY2d 733, 737). We agree with defendant's further contention, however, that the court erred in determining the amount of restitution without holding a hearing. "[B]ecause the terms of the plea bargain set forth in the record do not include restitution, the waiver of the right to appeal does not encompass defendant's challenge to the restitution ordered by the court" (*People v Oehler*, 278 AD2d 807, 807-808). "Neither the plea agreement itself nor the minutes of the plea allocution support the amount ordered" (*People v Oehler, supra*, at 808). "The court's reliance on the victim impact statement was inappropriate because the statement was not sworn" (*People v White*, 266 AD2d 831, 832). Contrary to the People's contention, "[t]he fact that defendant neither requested a hearing nor objected to the amount does not constitute waiver" (*People v White, supra*, at 832). We therefore modify the judgment by vacating the amount of restitution, and we remit the matter to Oswego County Court for a hearing to determine the amount of restitution. (Appeal from Judgment of Oswego County Court, McCarthy, J.—Robbery, 2nd Degree.) Present— Pigott, Jr., P. J., Green, Wisner, Kehoe and Burns, JJ.