■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVIS ETKIN, Appellant. [728 NYS2d 205] —Rose, J. Appeal from a judgment of the County Court of Schenectady County (Tomlinson, J.), rendered July 14, 2000, convicting defendant upon his plea of guilty of the crimes of bribing a witness and defrauding the government.

Defendant was charged with bribing a witness and defrauding the government as a result of financial improprieties occurring while he was president of the Capital District Off-Track Betting Corporation. He pleaded guilty to both charges and waived his right to appeal with the understanding that the prosecution would make no recommendation as to the sentence to be imposed and would not further prosecute members of his family.* At sentencing, however, defendant moved to vacate his plea, alleging that it had been coerced by the prosecution's threat to subject his son, Steve Etkin, to a Grand Jury investigation if he did not plead guilty. County Court denied defendant's motion and sentenced him to consecutive one-year terms in jail for the two crimes. The court also ordered defen-

---

* Defendant's son, Mark Etkin, had previously been sentenced on a plea of guilty to bribing a witness in connection with this same matter, and his sentence was reviewed by this Court in *People v Etkin* (277 AD2d 599).

dant to pay restitution in the agreed-upon amount of $100,000 and imposed a fine of $100,000. Defendant appeals.

The focus of our review is whether "the plea allocution demonstrates a knowing, voluntary and intelligent waiver of the right to appeal, intended comprehensively to cover all aspects of the case, and no constitutional or statutory mandate or public policy concern prohibits its acceptance" (*People v Muniz*, 91 NY2d 570, 575; *see, People v Covell*, 276 AD2d 824, 825). By moving to withdraw his guilty plea on the ground that it was coerced, defendant preserved his challenge to the voluntariness of both his plea and the waiver of his right to appeal (*see, People v Muniz, supra*, at 574; *People v Callahan*, 80 NY2d 273, 280). We note, however, that a plea agreement is not inherently coercive or invalid simply because it affords a benefit to a loved one, as long as the plea itself is knowingly, voluntarily and intelligently made (*see, People v Fiumefreddo*, 82 NY2d 536, 544).

Our review of the record demonstrates that the terms and conditions of the guilty plea were extensively explained to and accepted by defendant, an experienced attorney, and that he acknowledged entering the plea voluntarily, under no threat or promise. We are unpersuaded by defendant's claim that his plea was coerced by virtue of the psychological pressure and moral obligation he felt in desiring to protect a loved one from prosecution. Accordingly, we find that he voluntarily pleaded guilty and waived his right to appellate review of all other issues except the legality of the sentence imposed.

To the extent that defendant disputes the legality of the sentence because County Court ordered the jail terms to run consecutively, we note that "sentences imposed for two or more offenses may not run consecutively: (1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other" (*People v Laureano*, 87 NY2d 640, 643). Given the statutory definitions of the crimes and the acts to which defendant pleaded (*see,* Penal Law §§ 195.20, 215.00), we find that the same criminal act neither constitutes both offenses nor constitutes one offense while being a material element of the other (*see, People v Laureano, supra*, at 643). Thus, there was no error in imposing consecutive sentences.

Defendant also contends that his sentence is illegal because County Court imposed a fine without first holding a hearing concerning his ability to pay. Although this contention challenges the amount rather than the legality of imposing a fine, it is not encompassed by defendant's waiver of his right to ap-

peal because the amount of the fine is not included in the terms of the plea bargain set forth in the record (*see, People v Nichols*, 276 AD2d 832; *People v Cote*, 265 AD2d 681, 682). However, after defendant pleaded guilty and stipulated that his gain from the crime had been $100,000, neither he nor his counsel requested a hearing as to his ability to pay or otherwise preserved this issue for our review (*see, People v Carrillo*, 257 AD2d 780, 783, *lv denied* 93 NY2d 967; *People v Faiwiszewski*, 248 AD2d 551; *People v Baker*, 130 AD2d 582, 583, *lv denied* 70 NY2d 709). Moreover, County Court already possessed considerable information regarding defendant's ability to pay. As defendant's counsel was specifically afforded an opportunity to present additional information prior to imposition of the fine, no hearing was required.

Although defendant also argues that his sentence is harsh and excessive, his knowing, voluntary and intelligent waiver of his right to appeal expressly included his right to appeal the severity of his sentence (*see, People v Lococo*, 92 NY2d 825, 827; *People v Etkin*, 277 AD2d 599, 600, *supra*). We have considered defendant's remaining contentions and find them to be unavailing.

Mercure, J. P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Schenectady County for further proceedings pursuant to CPL 460.50 (5).