THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAN F. WRIGHT, Appellant. [732 NYS2d 760] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Steuben County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of three counts of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). By failing to move to withdraw the plea or vacate the judgment of conviction, defendant failed to preserve for our review his contention that the plea was not entered knowingly, voluntarily, and intelligently (*see, People v Lopez,* 71 NY2d 662, 665). This is not one of those rare cases in which preservation is not required; defendant's recitation of the facts underlying the crime did not cast significant doubt upon defendant's guilt or otherwise call into question the voluntariness of the plea (*see, People v Lopez, supra,* at 666). The waiver by defendant of the right to appeal encompasses his contention concerning the severity of the sentence (*see, People v Lococo,* 92 NY2d 825, 827; *People v Hidalgo,* 91 NY2d 733, 737) and, in any event, the bargained-for sentence is not unduly harsh or severe.

Defendant agreed to pay restitution as part of the plea agree-

ment, and thus we reject his contention that County Court erred in ordering restitution. We agree with defendant, however, that the court erred in determining the amount of restitution without holding a hearing. Initially, we note that the waiver of the right to appeal does not encompass defendant's challenge to the amount of restitution ordered because "the amount of the [restitution] is not included in the terms of the plea [agreement] set forth in the record" (*People v Etkin,* 284 AD2d 579, 581, *lv denied* 96 NY2d 862; *see also, People v Hicks,* 288 AD2d 882 [decided herewith]). Pursuant to Penal Law § 60.27 (2), a sentencing court must hold a hearing on the amount of restitution to be imposed if the record does not contain sufficient evidence to establish the amount or a hearing is requested by defendant. Where a defendant pleads guilty, "evidence to support the restitution amount generally can only be found in the [plea] agreement itself or the minutes of the plea allocution" (*People v Consalvo,* 89 NY2d 140, 144). Here, defendant made no statement at the plea proceeding or at sentencing to support the amount of restitution imposed by the court (*see, People v White,* 266 AD2d 831, 832; *People v Barnett,* 237 AD2d 917, *lv denied* 90 NY2d 855). In addition, the court improperly relied on unsworn victim impact statements (*see, People v White, supra,* at 832). Thus, we modify the judgment by vacating the amount of restitution awarded, and we remit the matter to Steuben County Court for a hearing to determine the amount of restitution. (Appeal from Judgment of Steuben County Court, Latham, J.—Attempted Burglary, 2nd Degree.) Present—Green, J. P., Hayes, Scudder, Kehoe and Burns, JJ.