■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD E. McCABE, Appellant. [733 NYS2d 782] —Carpinello, J. Appeals (1) from a judgment of the County Court of Albany County (Rosen, J.), rendered January 4, 1999, convicting defendant upon his plea of guilty of the crimes of grand larceny in the second degree (two counts), grand larceny in the third degree (two counts), forgery in the second degree and acting as an insurance agent without a license, and (2) by permission, from an order of said court, entered October 26, 2000, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was charged in a superior court information with two counts of grand larceny in the second degree, two counts of grand larceny in the third degree and one count each of forgery in the second degree and acting as an insurance agent without a license. He thereafter waived indictment and pleaded guilty to all charges with the understanding that he would be sentenced to a 5 to 15-year prison term and ordered to pay a specified amount of restitution, the latter having been included in the terms of the plea bargain and agreed to by defendant during the plea allocution (*compare, People v Etkin*, 284 AD2d 579, *lv denied* 96 NY2d 862; *People v Nichols*, 276 AD2d 832). In addition, the plea was contingent on defendant's waiver of the right to appeal, which he did in fact waive during the allocution. Nonetheless, defendant appeals from the judgment of conviction and, by permission, from an order denying his CPL 440.10 motion.

A review of the plea allocution reveals a knowing, voluntary and intelligent plea of guilty by defendant, which included his agreement to pay a specified amount of restitution and waiver of the right to appeal (*see, e.g., People v Wood*, 277 AD2d 515, *lv denied* 96 NY2d 789). This being the case, each of the issues raised by defendant on his direct appeal are foreclosed, including his claims concerning restitution, the harshness of his sentence and that his counsel was ineffective for failing to make certain motions (*see, e.g., People v Newell*, 271 AD2d 873, *lv denied* 95 NY2d 837; *People v Shaw*, 261 AD2d 648; *People v*

*Hughes*, 257 AD2d 853; *People v Lynch*, 256 AD2d 651, *lv denied* 93 NY2d 1004). In any event, were we to review defendant's arguments, we would find each to be without merit.

To the extent that defendant sought postjudgment relief on the ground that he was coerced into pleading guilty by "threats" that his wife would be arrested and "sent to prison" for her complicity in his schemes, we note simply "that a plea agreement is not inherently coercive or invalid simply because it affords a benefit to a loved one, as long as the plea itself is knowingly, voluntarily and intelligently made" (*People v Etkin, supra*, at 580).* While there is little doubt that the leniency shown to his wife was a major factor in defendant's plea negotiations, the conditions of his guilty plea were fully explained to him and he indicated that he understood them and further acknowledged that he was entering into the plea freely, voluntarily and in the absence of any threats, coercion or force. Thus, his CPL 440.10 motion predicated on a claim of undue duress and coercion was properly denied (*see, People v Fiumefreddo*, 82 NY2d 536).

All other arguments, to the extent not discussed, have nevertheless been reviewed and rejected as being without merit.

Cardona, P. J., Mercure, Crew III and Lahtinen, JJ., concur. Ordered that the judgment and order are affirmed.

---

* Defendant's wife pleaded guilty to grand larceny and was sentenced to probation and community service.