■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEE GRIFFIN, Appellant. [735 NYS2d 446] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Monroe County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of burglary in the second degree (Penal Law § 140.25 [2]) and four counts of grand larceny in the fourth degree (Penal Law § 155.30 [1]). Contrary to the contention of defendant, the People met their burden of establishing that the police had probable cause to arrest him. Although the apprehending officer did not testify at the suppression hearing, he was acting under the direction of a fellow officer who testified at the hearing, and defendant concedes that the officer who testified had sufficient information to establish probable cause (*see, People v*

*Ramirez-Portoreal*, 88 NY2d 99, 113-114). The People correctly concede, however, that the part of the sentence ordering restitution must be vacated because County Court failed to conduct a hearing on the amount of restitution and the record does not contain sufficient evidence to support the amount ordered (*see, People v Wilson*, 275 AD2d 1035, *lv denied* 96 NY2d 808). We therefore modify the judgment by vacating the amount of restitution ordered, and we remit the matter to Monroe County Court for a hearing to determine the amount of restitution to be paid by defendant. (Appeal from Judgment of Monroe County Court, Geraci, Jr., J.—Burglary, 2nd Degree.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Gorski, JJ.