■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY K. VERHOW, Appellant. [737 NYS2d 726] —Appeal from a judgment of Wayne County Court (Parenti, J.), entered November 3, 2000, convicting defendant upon his plea of guilty of, inter alia, sexual abuse in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the first degree (Penal Law § 140.30 [2]) and sexual abuse in the first degree (Penal Law § 130.65 [1]) and sentencing him as a second violent felony offender to concurrent determinate terms of incarceration, the longest of which is 18 years. Even assuming, arguendo, that the contention of defendant that he was denied

effective assistance of counsel survives his guilty plea (*see, People v Brown,* 284 AD2d 904, 905, *lv denied* 96 NY2d 916), we conclude that his contention lacks merit. Although the Public Defender assigned to represent defendant also appeared at the arraignment for defendant's alleged alibi witness, he then withdrew from his representation of the alleged alibi witness. Thus, we conclude that defendant was not thereby denied effective assistance of counsel (*see generally, People v Benevento,* 91 NY2d 708, 712; *People v Baldi,* 54 NY2d 137, 147). By failing to move to withdraw the plea or to vacate the judgment of conviction, defendant failed to preserve for our review his challenge to the factual sufficiency of the plea allocution (*see, People v Lopez,* 71 NY2d 662, 665; *People v Barry,* 288 AD2d 940). This case does not fall within the narrow exception to the preservation doctrine (*see, People v Lopez, supra* at 666; *People v Wright,* 288 AD2d 899). The sentence is neither unduly harsh nor severe. Present—Pigott, Jr., P.J., Pine, Wisner, Burns and Lawton, JJ.