THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MELENDEZ, Appellant. [737 NYS2d 569] —Appeal from a judgment of Supreme Court, Monroe County (Ark, J.), entered December 7, 1999, convicting defendant upon his plea of guilty of criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the amount of restitution ordered and as modified the judgment is affirmed and the matter is remitted to Supreme Court for further proceedings in accordance with the following

memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). Defendant's waiver of the right to appeal as part of the plea agreement encompasses the challenge to the severity of the enhanced sentence ultimately imposed (*see, People v Milczakowskyj,* 286 AD2d 928; *People v Miles,* 268 AD2d 489, *lv denied* 95 NY2d 800). Upon defendant's violation of the sentencing conditions, Supreme Court was free to impose the full range of penalties, including restitution (*see, People v Thompson,* 221 AD2d 1016, *lv denied* 87 NY2d 977; *People v Parsons,* 210 AD2d 901, *lv denied* 85 NY2d 941).

Defendant did not, however, agree to the amount of restitution or otherwise waive his right to a hearing (*see, People v Young,* 281 AD2d 950, 951, *lv denied* 96 NY2d 909; *People v Guise,* 278 AD2d 831, 832; *People v Dibble* [appeal No. 2], 277 AD2d 969, 970). Moreover, the presentence report and unsworn victim impact statement constitute an insufficient basis for the court's finding with respect to the amount of restitution ordered (*see, People v Wright,* 288 AD2d 899; *People v Young, supra* at 951; *People v Oehler,* 278 AD2d 807, 808; *People v White,* 266 AD2d 831, 832). We therefore modify the judgment by vacating the amount of restitution ordered, and we remit the matter to Supreme Court for a hearing to determine the amount of restitution. Present—Green, J.P., Pine, Kehoe and Gorski, JJ.