THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN JORDAN, Appellant. [739 NYS2d 511] —Appeal from a judgment of Oswego County Court (McCarthy, J.), entered February 2, 1999, convicting defendant upon his plea of guilty of burglary in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the amount of restitution and as modified the judgment is affirmed and the matter is remitted to Oswego County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting

him upon his plea of guilty of burglary in the first degree (Penal Law § 140.30 [2]). We reject the contention of defendant that County Court erred in accepting his plea without first inquiring into his alleged intoxication at the time of the offense. The issue of intoxication was raised by him for the first time in the presentence interview, and thus the court had no duty to make further inquiry at the time of the plea based on information in the presentence report. In any event, the presentence report "offered intoxication as an explanation for [defendant's] actions and did not assert that [defendant] was so intoxicated that he was unable to form the intent necessary for the commission of robbery in the second degree" (*People v Young*, 281 AD2d 950, 950, *lv denied* 96 NY2d 909). Furthermore, the court properly denied defendant's motion to withdraw the plea where, as here, defendant sought only to withdraw his waiver of the right to appeal and there was no "showing that defendant's plea was baseless" or was otherwise invalid (*People v Frederick*, 45 NY2d 520, 525). The further contention of defendant concerning the severity of the sentence is encompassed by his waiver of the right to appeal (*see, People v Hidalgo*, 91 NY2d 733, 737). We agree with defendant, however, that the court erred in determining the amount of restitution without holding a hearing. "Neither the plea agreement itself nor the minutes of the plea allocution support the amount ordered" (*People v Oehler*, 278 AD2d 807, 808; *see, People v Young, supra* at 951). We therefore modify the judgment by vacating the amount of restitution, and we remit the matter to Oswego County Court for a hearing to determine the amount of restitution. Present— Green, J.P., Scudder, Kehoe, Burns and Gorski, JJ.