■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLYN BROWN, Appellant. [755 NYS2d 686] —Appeal from a judgment of Erie County Court (Pietruszka, J.), entered February 23, 2001, convicting defendant upon his plea of guilty of criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [2]). We reject the contention of defendant that his waiver of the right to appeal is invalid on the ground that County Court failed to conduct a sufficient inquiry concerning his understanding of that waiver. The court asked defendant whether he understood that he was giving up the right to appeal as part of the "plea arrangement" and defendant replied that he did (*cf. People v Brown,* 296 AD2d 860 [2002], *lv denied* 98 NY2d 767 [2002]). This inquiry followed statements by the prosecutor and defense counsel that the plea was conditioned upon defendant's waiver of the right to appeal. Thus, on these facts, we conclude that the court satisfied its duty to conduct a sufficient inquiry concerning whether defendant's waiver of the right to appeal was voluntary, knowing and intelligent (*see People v Callahan,* 80 NY2d 273, 283 [1992]; *People v Seaberg,* 74 NY2d 1, 11 [1989]). The waiver by defendant of the right to appeal encompasses his further contention that the court erred in denying his request to be adjudicated a youthful offender (*see People v Reeder,* 284 AD2d 972 [2001]). In any event, the court did not abuse its discretion in denying that request (*see* CPL 720.20 [1] [a]; *People v Williams,* 288 AD2d 499 [2001], *lv denied* 97 NY2d 763 [2002]). Present—Pine, J.P., Wisner, Scudder, Kehoe and Burns, JJ.