■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN P. SWEENEY, JR., Appellant. [771 NYS2d 760]—Appeal from a judgment of the Supreme Court, Erie County (Mario J. Rossetti, A.J.), rendered October 19, 2001. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the third degree, scheme to defraud in the first degree and unauthorized use of a vehicle in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted burglary in the third degree (Penal Law §§ 110.00, 140.20), scheme to defraud in the first degree (§ 190.65 [1] [a]) and unauthorized use of a vehicle

in the third degree (§ 165.05 [1]). Supreme Court "satisfied its duty to conduct a sufficient inquiry concerning whether defendant's waiver of the right to appeal was voluntary, knowing and intelligent," and that waiver encompasses the contention of defendant that the court abused its discretion in denying him youthful offender treatment (*People v Brown*, 303 AD2d 989, 990 [2003]). The challenge by defendant to the amount of restitution is not foreclosed by his waiver of the right to appeal because the amount of restitution was not included in the terms of the plea agreement (*see People v Talley*, 300 AD2d 1038 [2002], *lv denied* 100 NY2d 566 [2003]). However, defendant waived his challenge to the restitution amount when he failed to object to that amount at sentencing (*see People v Huffman*, 288 AD2d 907, 908 [2001], *lv denied* 97 NY2d 755 [2002]). In any event, the court properly determined restitution after hearing evidence with respect to the amount requested (*cf. People v Jordan*, 292 AD2d 860, 861 [2002], *lv denied* 98 NY2d 698 [2002]; *People v Oehler*, 278 AD2d 807, 808 [2000]). Present—Wisner, J.P., Kehoe, Gorski, Lawton and Hayes, JJ.