■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN L. THOMAS, Appellant. [773 NYS2d 621]—

Carpinello, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered October 12, 1999, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree.

In October 1998, defendant was charged by indictment with criminal possession of a forged instrument in the second degree and grand larceny in the fourth degree after he fraudulently obtained $1,700 from a bank. While this indictment was pending, defendant was also charged with criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree. Thereafter, an investigation by the Attorney General's office concerning a statewide scheme to defraud led to the filing of a superior court information charging him with grand larceny in the third degree.

Defendant entered into a plea agreement in full satisfaction of all of the charges. Pursuant to the agreement, defendant pleaded guilty to grand larceny in the fourth degree under the October 1998 indictment and grand larceny in the third degree under the superior court information, as well as criminal possession of a controlled substance in the second degree under the later indictment. In accordance with the agreement, he was sentenced, as a second felony offender, to prison terms aggregating eight years to life and restitution was ordered in connection with the two grand larceny convictions. On appeal, defendant challenges, inter alia, the restitution order imposed in connection with his grand larceny conviction under the October 1998 indictment. No specific amount of restitution was mentioned during the plea proceedings on this charge, and at sentencing County Court ordered restitution in the amount of $67,170.27.

Initially, we note that insofar as no specific amount of restitution was agreed to by defendant as part of his guilty plea and restitution was an essential part of his sentence, defendant has not waived this claim by pleading guilty (*see People v Fuller*, 57 NY2d 152, 156 [1982]; *People v White*, 266 AD2d 831, 832 [1999]; *cf. People v McCabe*, 289 AD2d 603, 604 [2001]). Turning to the merits, Penal Law § 60.27 (5) (a) requires a defendant's consent to a restitution amount in excess of $15,000 when imposed in connection with a felony conviction. The statute further provides that where the record does not contain sufficient information to allow the court to "make a finding as to the dollar amount of the fruits of the offense and the actual out-of-pocket loss to the victim," it must conduct a hearing (Penal Law § 60.27 [2]; *see People v Wright*, 288 AD2d 899, 900 [2001], *lv denied* 97 NY2d 689 [2001]).

Here, defendant did not consent to the restitution order and the record is devoid of support for this particular restitution figure. It was the charges stemming from the Attorney General's investigation, set forth in the superior court information, that involved numerous victims and large sums of money. Such information appears to have been mistakenly referenced in the presentence investigation report under the October 1998 indictment, creating considerable confusion over the appropriate restitution figure. In light of these circumstances, as well as the People's concession that a hearing was in order, this restitution order must be vacated and the matter remitted (*see People v Wright, supra*).

Finally, defendant claims that he was deprived of the effective assistance of counsel. Inasmuch as he does not allege that said failure affected the voluntariness of his plea, it is waived by his plea of guilty (*see People v Thomas*, 2 AD3d 982, 983 [2003], *lv denied* 1 NY3d 602 [2004]). In any event, were we to address it, we would find it to be without merit as defense counsel negotiated a favorable plea given defendant's extensive criminal background and significantly reduced his exposure to numerous other crimes with which he could have been charged as a result of the Attorney General's investigation (*see People v Storm*, 177 AD2d 767 [1991]).

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, by vacating so much thereof as ordered restitution in the amount of $67,170.27 upon defendant's conviction of grand larceny in the fourth degree; matter remitted to the County Court of Chemung County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.