■ Davis M. Etkin, Respondent, v Capital District Regional Off-Track Betting Corporation, Appellant. [780 NYS2d 220]—

Carpinello, J. Appeal from an order of the Supreme Court (Kramer, J.), entered February 27, 2004 in Schenectady County, which, inter alia, partially denied defendant's cross motion for partial summary judgment.

Plaintiff is the former, long-term president and general manager of defendant, a public benefit corporation authorized to conduct off-track betting on race horses for the purpose of generating government revenue. Specifically, plaintiff served in this capacity, as well as chair of defendant's Board of Directors, from 1975 until 1998 when he resigned amid numerous investigations into his stewardship. Indeed, three separate investigations into defendant's affairs were conducted in the mid to late 1990s by three separate governmental bodies, namely, the Comptroller, the Racing and Wagering Board and the Criminal Prosecutions Bureau of the Attorney General's office.

Both the Comptroller and the Racing and Wagering Board issued reports highly critical of defendant's accounting, financial and/or operating practices. The Racing and Wagering Board in particular noted 27 major areas of concern, identified over $4 million in questionable expenditures and detailed numerous lapses by defendant's management and its Board of Directors. This entity essentially concluded that defendant's Board of Directors abdicated its fiduciary responsibilities by permitting extravagant expenses by management, many of which were personal in nature, in the face of net operating losses. The Attorney General's investigation culminated in plaintiff's February 2000 guilty plea to two felonies (defrauding defendant and bribing a witness). Plaintiff was sentenced pursuant to this plea to two consecutive, one-year jail terms and ordered to pay a $100,000 fine and $100,000 in restitution (*People v Etkin*, 284 AD2d 579 [2001], *lv denied* 96 NY2d 862 [2001]).

It was during this time period of flagrant, excessive personal and corporate spending that a benefits package was approved by defendant's Board of Directors for only two of its officers, one of whom was plaintiff.[1] This package granted plaintiff, as relevant here, health and life insurance coverage for an additional six years beyond his termination of employment.[2] Following plaintiff's resignation under the cloud of investigations, defendant refused to provide plaintiff these benefits, prompting the instant action. On appeal, we review Supreme Court's denial of defendant's cross motion for summary judgment insofar as it sought dismissal of plaintiff's claims for health and life insurance benefits.

On this record, we are constrained to affirm. Defendant contends that plaintiff was a public officer subject to removal at any time and, therefore, any employment contract for a fixed term would be unenforceable (*see* NY Constitution, art XIII, § 2; Racing, Pari-Mutuel Wagering and Breeding Law § 502 [1], [14]; *see also Matter of Lake v Binghamton Hous. Auth.*, 130 AD2d 913, 914 [1987]). Defendant equates the subject benefits package to an illegal employment contract, and thus claims that Supreme Court should have granted its cross motion for summary judgment. We disagree. The subject benefits constitute deferred compensation to plaintiff and not an illegal contract of

---

**1.** This package only applied to defendant's president (i.e., plaintiff) and its "Senior Vice President/Comptroller."

**2.** These benefits were in addition to the retirement benefits of the New York State Employees' Retirement System. Specifically, in the case of plaintiff, the benefits package identified a particular life insurance policy, by company name and policy number, which plaintiff's complaint alleges is worth some $210,000.

employment for a fixed term (see *Boryszewski v Brydges*, 37 NY2d 361, 368 [1975]; *Matter of Lake v Binghamton Hous. Auth., supra*). This being the case, defendant's cross motion for summary judgment, as presented, was properly denied (see *id.*).

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the order is affirmed, without costs.