People v Jimenez- Rivera (2026 NY Slip Op 01421)

People v Jimenez- Rivera

2026 NY Slip Op 01421

Decided on March 12, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 12, 2026

113484
[*1]The People of the State of New York, Respondent,
vEnrique Josue Jimenez- Rivera, Appellant.

Calendar Date:February 18, 2026

Before:Reynolds Fitzgerald, J.P., Ceresia, Fisher, Powers and Mackey, JJ.

David E. Woodin, Catskill, for appellant.
Emmanuel C. Nneji, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

Powers, J.
Appeal from a judgment of the County Court of Ulster County (Bryan Rounds, J.), rendered March 14, 2022, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.
In satisfaction of multiple pending charges, defendant waived indictment and pleaded guilty to a superior court information charging him with robbery in the first degree stemming from an incident during which defendant forcefully stole property from a gas station while armed with a pocketknife and caused injuries to the victim in the process. The terms of the plea agreement required that defendant waive his right to appeal in exchange for a seven-year prison term, to be followed by five years of postrelease supervision, as well as restitution — capped at $2,664.93 — for out-of-pocket medical expenses incurred by the victim. At sentencing, County Court imposed the agreed-upon sentence; however, the court reserved signing any restitution order until the People confirmed the specific amount of the victim's out-of-pocket medical expenses not covered by insurance. Approximately two months later, and without any further proceedings, the court signed a restitution order in the amount of $2,660, plus applicable surcharges. Defendant appeals.[FN1]
Initially, as the People concede, defendant's waiver of his right to appeal is invalid. The written appeal waiver contained overbroad language that mischaracterized the rights being waived and the deficiencies in the written waiver were not overcome by the oral colloquy, which failed to ensure that defendant understood that some appellate rights survived (see People v DePace, 235 AD3d 1179, 1180 [3d Dept 2025]; People v James, 231 AD3d 1435, 1436 [3d Dept 2024], lv denied 42 NY3d 1080 [2025]; People v Douglas, 226 AD3d 1162, 1163 [3d Dept 2024], lv denied 42 NY3d 970 [2024]). Given the invalid appeal waiver, defendant's challenge to the perceived severity of the sentence is not precluded (see People v James, 231 AD3d at 1436). To that end, defendant asserts that the sentence should be reduced considering, among other things, that the commission of the offense was uncharacteristic for him, he accepted responsibility, was sincerely remorseful and has strong familial support. Despite these mitigating factors, we are unpersuaded and find that the agreed-upon sentence, which is close to the minimum statutorily permissible sentence and substantially less than the permissible maximum (see Penal Law §§ 70.02 [1] [a]; [3] [a]; 160.15 [3]), is not unduly harsh or severe. This is particularly so in light of the violent and serious nature of the offense and the physical injury sustained by the victim and, as such, we decline to reduce the sentence in the interest of justice (see CPL 470.15 [6] [b]; People v Colon, 208 AD3d 1551, 1553-1554 [3d Dept 2022], lv denied 39 NY3d 1071 [2023]).
We do agree with defendant, as do the People, that the restitution order should be vacated. Although the restitution amount did not exceed the agreed-upon [*2]limit, the record is devoid of any hearing, colloquy or judicial determination confirming the actual out-of-pocket medical expenses incurred by the victim (see Penal Law § 60.27; CPL 400.30). Absent record evidence that the restitution imposed satisfied the requirements of Penal Law § 60.27, the order of restitution must be vacated and the matter remitted to County Court for reconsideration in accordance therewith (see People v Thomas, 6 AD3d 754, 755 [3d Dept 2004]; see e.g. People v Casiano, 8 AD3d 761, 762 [3d Dept 2004]).
Reynolds Fitzgerald, J.P., Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the restitution order imposed; matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: A defendant generally may not appeal from a restitution order in a criminal case (see People v Russo, 68 AD3d 1437, 1437 n 2 [3d Dept 2009]; see generally CPL 450.10). Here, however, we deem the restitution order to be an amendment to the judgment of conviction as County Court specifically reserved determining a restitution amount at sentencing until the victim's out-of-pocket expenses could be confirmed. As such, our review of the order is appropriate under the circumstances (see People v Naumowicz, 76 AD3d 747, 749 n 1 [3d Dept 2010]; People v Brusie, 70 AD3d 1395, 1396 [4th Dept 2010]).